ROBERT K. STEPHENS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91072.    Filed June 13, 1962.

*John A. Dunkel, Esq.*, for the petitioner.
*Crane C. Hauser, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* Respondent determined a deficiency in income tax for the calendar year 1956 in the amount of $1,559.38.

Petitioner assigns as error the following:

(a) The Commissioner erroneously determined that petitioner realized a measurable taxable gain of $10,760.00, or any other amount, on the transfer of his undivided one-half interest in real estate located at 4210 East Broad Street, Columbus, Ohio.

(b) In the alternative, the Commissioner erroneously determined that the fair market value of petitioner's undivided one-half interest in said property exceeded his basis therefor, said basis being at least the amount of $20,611.49.

The facts were stipulated and are so found.

Petitioner is an individual with residence in Columbus, Ohio. He duly filed his Federal income tax return for the taxable year ended December 31, 1956, with the district director of internal revenue for the Columbus district.

Petitioner is a pharmacist and since a period beginning sometime prior to 1956 has been engaged in the operation of a drugstore known as the Service Pharmacy in Columbus, Ohio. Petitioner and Edna

E. Stephens, hereinafter sometimes referred to as Edna, were married December 31, 1944. There was no issue of this marriage.

On July 25, 1947, petitioner and Edna purchased property which consisted of a house and lot located at 4210 East Broad Street, Columbus, Ohio, hereinafter sometimes referred to as the Broad Street property, each owning an undivided one-half interest therein. This property was furnished and used as a residence of petitioner and Edna until their marital difficulties. The property was also equipped and used by them in the business of catering private parties.

On July 22, 1955, petitioner filed a petition for divorce in the Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations.

Subsequent to the filing of the petition for divorce, numerous other pleadings were filed in the divorce proceeding including a cross-petition by Edna on September 2, 1955, wherein she prayed that the plaintiff's petition be dismissed and that she be granted a divorce.

On March 5, 1956, the Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations, after trial, entered its decision which is as follows:

This matter came on regularly for trial and was submitted upon the evidence and argument of counsel.

Upon completion of plaintiff's evidence, the petition of plaintiff was dismissed for insufficiency of his evidence and for lack of corroboration.

The court finds from the evidence offered by defendant in support of her cross-petition that she is entitled to a divorce upon the grounds of gross neglect of duty and extreme cruelty.

The court further finds that at the time of commencement of this action, that plaintiff was the owner of a drug store and an apartment building on Mt. Vernon Avenue.

The defendant owned certain lots in Wilmington, Ohio, an interest in a farm in Kansas and certain shares in oil leases located in Kansas.

The parties owned jointly the premises described as 4210 East Broad Street valued at approximately $40,000.00 upon which there is a mortgage balance of $12,900.00.

The court awards to defendant as alimony all right, title and interest of plaintiff in the premises known as 4210 East Broad Street.

Defendant is restored to her former name of Edna Buster.

To all of which each party excepts.

On March 9, 1956, Edna, by counsel, filed a motion "in reminder" to pass upon a motion previously filed for expense money in the amount of $2,000, urging that the court had overlooked the same in rendering its decision. Petitioner, by counsel, on April 6, 1956, filed a memorandum contra stating that the court had awarded Edna as alimony his one-half interest in the Broad Street property; that such one-half interest constituted "a handsome sum including said requested attorney fees"; and that in view of the seriousness of the issues before the court and the court's integrity and inclination to

do justice to both parties, it is not apparent that the court had overlooked the matter claimed in Edna's motion in reminder.

On April 24, 1956, the court entered its decree of divorce in favor of Edna. It was decreed that Edna was entitled to the Broad Street property as alimony and petitioner was ordered to convey the same within 5 days. Upon failure to convey within that period, the decree would operate as a conveyance. It was further decreed that Edna was to have all of the household goods and furnishings therein with the exception of petitioner's personal property and possessions and that Edna was entitled to a judgment of $700 for expense money. Edna was restored to her former name and it was ordered that all the other property of petitioner and Edna should be retained by them, free and clear of any claim of dower or otherwise.

Other documents were subsequently filed and an appeal was taken to the Court of Appeals, Franklin County, Ohio, by the petitioner and on September 9, 1957, the Court of Appeals affirmed the judgment of the Court of Common Pleas.

During the year 1956 petitioner's undivided one-half interest in the Broad Street property, the property involved in this proceeding, was transferred to Edna pursuant to the aforesaid decree. On the date of transfer, petitioner's adjusted basis for such interest was $16,000 and the fair market value of the same was $20,000.

In determining the deficiency herein, the respondent, among other adjustments, increased the taxable income disclosed by petitioner's return by an amount of $5,380 and, in a statement attached to the deficiency notice, explained the adjustment thus:

(b) It is determined that you realized a gain of $10,760.00 on the transfer of your undivided one-half interest in real estate located at 4210 East Broad Street, Columbus, Ohio, and that $5,380.00 of the aforesaid gain is taxable as income to you under the provisions of Sections 61, 1001, 1221, 1222, and 1231 of the Internal Revenue Code of 1954. The computation of the gain is as follows:

| | |
|---|---:|
| Cost or other basis | $22,000.00 |
| Depreciation allowed or allowable | 3,520.00 |
| Adjusted basis | $18,480.00 |
| Fair market value, date of transfer | 40,000.00 |
| Gain | $21,520.00 |
| Your one-half interest | $10,760.00 |
| Long-Term Capital Gain, increased | $5,380.00 |

The respondent contends that upon the transfer of petitioner's one-half interest in the Broad Street property to his divorced wife as alimony, he satisfied an obligation created by a State court, and

thereby realized a long-term capital gain to the extent of one-half of the difference between the stipulated fair market value of the asset transferred of $20,000 and his stipulated basis of $16,000.

The question thus presented is the same in principle as was recently decided by the United States Supreme Court in the case of *United States* v. *Davis*, 370 U.S. 65. There is no suggestion here that the law of real property with respect to husband and wife is any different in Ohio than in Delaware which was the State involved in the *Davis* case. In the *Davis* case, pursuant to a separation agreement, the taxpayer in 1955 transferred to his former wife, Alice M. Davis, 500 shares of duPont stock, having a cost basis of $74,775.37 and a fair market value at the time of transfer of $82,250. The Commissioner determined that the taxpayer realized a long-term capital gain on the transfer of $3,737.31, representing one-half of the difference between the fair market value and the cost basis of the stock transferred. The Supreme Court held that the Commissioner's determination "has not been shown erroneous." For the reasons given by the Supreme Court, we hold in the instant case that petitioner realized a long-term capital gain of $2,000, representing one-half of the difference between the stipulated fair market value and the stipulated adjusted basis of his one-half interest in the Broad Street property.

*Decision will be entered under Rule 50.*