DAVID R. PULLIAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91349.   Filed March 14, 1963.

*Morrison Shafroth, Esq.,* for the petitioner.
*H. Tracy Huston, Esq.,* for the respondent.

## OPINION.

MURDOCK, *Judge:* The petitioner argues that there are no inchoate marital rights in Colorado, he did not transfer any property to his wife, and he received no release of any rights from her. He filed an answer in the divorce proceeding and participated actively in the litigation over the division of property. It is immaterial that the decree transferred the properties instead of requiring transfers by the petitioner. The decree was as effective as a release from the wife. It was never contested. This case is not distinguishable in principle from *United States* v. *Davis*, 370 U.S. 65, rehearing denied 371 U.S. 854. The Commissioner did not err in holding that the petitioner realized a long-term capital gain as a result of the decree of divorce.

The petitioner contests the amount of that gain on the ground that the Dry Land Farm should not be included in the computation for the reason that it already belonged to his wife but the loss on the residence should be included in that computation. The facts show that the petitioner did not intend to make or make a gift of the Dry Land Farm to his wife. The only support for his contention is the fact that title was taken in her name. The evidence shows, however, that the purpose for that was to gain additional grain-growing allowance rather than to make a gift. The petitioner paid for the property, managed it, controlled it, received all income from it, and treated it as his own. The Dry Land Farm was "Tract 1" in the decree, which decree was "a conveyance" of that property. The court thus regarded this farm as property of the husband. The gain on that property was properly a part of the petitioner's long-term capital gain.

It has been held consistently that loss from the disposition of one's residence is personal and not deductible. Sec. 165(c), I.R.C. 1954. *Warren Leslie, Sr.*, 6 T.C. 488; *Allen L. Grammer*, 12 T.C. 34. No reason to depart from that rule has been shown here.

The petitioner must lose on his contentions that he may deduct a part of attorneys' fees paid by him to his attorney and to his wife's attorney. *United States* v. *Gilmore*, 372 U.S. 39. Cf. *Arthur B. Baer*, 16 T.C. 1418, modified 196 F. 2d 646; *F. C. Bowers*, 25 T.C. 452, revd. 243 F. 2d 904; *Joseph Lewis*, 27 T.C. 158, affd. 253 F. 2d 821.

*Decision will be entered for the respondent.*