**Mildred F. SWAIM, Petitioner-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

**Mildred F. SWAIM, Petitioner-Cross-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Cross-Appellee.**

**Nos. 19372, 19373.**

United States Court of Appeals
Sixth Circuit.

Oct. 17, 1969.

Henry J. Burt, Jr., Louisville, Ky., for appellee and cross-appellant.

John S. Stephan, Atty., Dept. of Justice, Washington, D. C., for appellant and cross-appellee; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., on brief.

Before WEICK, O'SULLIVAN and EDWARDS, Circuit Judges.

WEICK, Circuit Judge.

In Swaim v. Commissioner, 417 F.2d 353 (6th Cir. 1969), which was argued on the same day as the present cases, we affirmed the Tax Court's decision holding that the husband realized taxable income when the divorce court awarded his wife a certain installment obligation in partial satisfaction of the wife's alimony. The present cases raise the question whether under Section 453(a) [1] the wife, Mildred F. Swaim, should have included in her income tax return for the taxable year 1964 the proceeds in final payment of the installment obligation payable to her, which she received in that year.

The Tax Court held that Mildred did not realize income in 1964. The Court reasoned that since it had held that Harry, the husband, realized taxable income in the year 1962 (Harry L. Swaim, 50 T.C. 302, May 14, 1968), Mildred received a stepped-up basis in the 1962 note payable to her. The Court determined that since the fair market value of the note did not exceed her basis and since she did not claim that the fair market value was other than the face value, she realized no gain. The Tax Court relied upon United States v. Davis, 370 U.S. 65, 73, 82 S.Ct. 1190, 1194, 8 L.Ed.2d 335 (1962) wherein the Supreme Court stated:

"Moreover, if the transaction is to be considered a taxable event as to the husband, the Court of Claims' position leaves up in the air the wife's basis for the property received. In the context of a taxable transfer by the husband, all indicia point to a 'cost' basis for this property in the hands of the wife. Yet under the Court of Claims' position her cost for this property, i. e., the value of the marital rights relinquished therefor, would be indeterminable, and on subsequent disposition of the property she might suffer inordinately over the Commissioner's assessment which she would have the burden of proving erroneous, Commissioner of Internal Revenue v. Hansen, 360 U.S. 446, 468 [79 S.Ct. 1270, 3 L.Ed.2d 1360] (1959). Our present holding that the value of these rights is ascertainable eliminates this problem; for the same calculation that determines the amount received by the husband fixes the amount given up by the wife, and this figure, i. e., the market value of the property transferred by the husband, will be taken by her as her tax basis for the property received." (Footnotes omitted)

1. § 453. *Installment method*

*(a) Dealers in personal property.—*

*(1) In general.—*Under regulations prescribed by the Secretary or his delegate, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price.

*(2) Total contract price.—*For purposes of paragraph (1), the total contract price of all sales of personal property on the installment plan includes the amount of carrying charges or interest which is determined with respect to such sales and is added on the books of account of the seller to the established cash selling price of such property. This paragraph shall not apply with respect to sales of personal property under a revolving credit type plan or with respect to sales or other dispositions of property the income from which is, under subsection (b), returned on the basis and in the manner prescribed in paragraph (1).

*(b) Sales of realty and casual sales of personalty.—*

*(1) General rule.—*Income from—

(A) a sale or other disposition of real property, or

(B) a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year) for a price exceeding $1,000,

may (under regulations prescribed by the Secretary or his delegate) be returned on the basis and in the manner prescribed in subsection (a).

In *Davis*, the husband had transferred appreciated stock to his wife pursuant to a property settlement agreement later incorporated in a divorce decree. The Supreme Court held that the husband had made a taxable transfer of property in satisfaction of a legal obligation and that the wife's basis in the stock was the fair market value.

The Commissioner has taken a "protective appeal" in the present cases to protect the Government in the event that the husband's case (No. 19,001) is reversed. However, since we affirmed the Tax Court in the husband's case, it follows that the Tax Court should be affirmed in the wife's case, since she did not realize income in 1964 when she collected the proceeds of the 1962 note.

Mildred has cross-appealed from the Tax Court's denial of her claim for refund for taxes paid for the years 1960, 1961 and 1962. The Tax Court dismissed her case for lack of jurisdiction insofar as it related to those taxable years. In those years she paid taxes on the proceeds from three installment notes payable to her as she received them.

On June 14, 1962, Mildred obtained a decree of divorce in the Jefferson Circuit Court, Jefferson County, Kentucky. The Jefferson Court decreed that the installment notes which Mildred held in possession, payable to her, were the property of her husband, but allowed her to retain the 1962 note in satisfaction of a portion of her alimony. She was required to restore one note to her husband. She now claims that since the Court determined that her husband was the true owner of the notes, she was not liable for the taxes which she paid on the notes for the years 1960, 1961 and 1962.

The Commissioner contends that since he had issued a notice of deficiency for the year 1964 and since no notices of deficiency were issued for the years 1960, 1961 and 1962, the jurisdiction of the Tax Court was limited to 1964 or related years.

Section 6214 of the 1954 Internal Revenue Code provides:

"§ *6214. Determinations by Tax Court*

"*(a) Jurisdiction as to increase of deficiency, additional amounts, or additions to the tax.*—The Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the Secretary or his delegate at or before the hearing or a rehearing.

"*(b) Jurisdiction over other years.*—The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year shall consider such facts with relation to the taxes for other years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid."

In Commissioner of Internal Revenue v. Gooch Milling & Elevator Co., 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139 (1943), the Supreme Court interpreted Section 272(g) of the 1939 Code, the predecessor of Section 6214(b) of the 1954 Code, and held that the Board of Tax Appeals was without jurisdiction to determine the amount of a 1935 overpayment and to credit such overpayment against a 1936 deficiency. The Supreme Court stated:

"The Board's want of jurisdiction to apply the doctrine of equitable recoupment in this case is manifest from these statutory provisions. The Commissioner assessed a deficiency only for the 1936 fiscal year and it was this assessment of which the respondent sought a review. The Board thus had jurisdiction to do no more than redetermine the 1936 deficiency distinct from any overpayment or underpay-

ment in any prior or subsequent year. There was no occasion here for the Board to exercise its power under § 272(g) to consider any facts relating to the taxes for the 1935 fiscal year. The redetermination of the tax liability for the 1936 fiscal year was in no way dependant on any prior tax assessment or overpayment. Likewise, neither the fact that the prior overpayment could no longer be refunded nor the fact that the overpayment exceeded the amount of the deficiency had any relevance whatever to the redetermination of the correct tax for the 1936 fiscal year. The respondent, in other words, was seeking to have the 1935 overpayment used, not as an aid in redetermining the 1936 deficiency, but as an affirmative defense or offset to that deficiency. This necessarily involved a determination of whether there was an overpayment during the 1935 fiscal year. The absolute and unequivocal language of the proviso of § 272(g), however, placed such a determination outside the jurisdiction of the Board. Thus to allow the Board to give effect to an equitable defense which of necessity is based upon a determination foreign to the Board's jurisdiction would be contrary to the expressed will of Congress." (*Id.* at 420–421, 64 S.Ct. at 186) (Footnotes omitted)

The taxpayer in the present case seeks the same relief here that the Supreme Court specifically denied the petitioner in *Gooch.*

We are of the opinion that the Tax Court was correct in dismissing the case for lack of jurisdiction for the years 1960, 1961 and 1962, for which no notice of deficiency had been issued.

This does not mean, however, that the taxpayer may be without a remedy. At pages 8–9 of the taxpayer's brief it is stated:

"However, we are not in too bad a position relative to being able to file an independent action in that the original date March 28, 1969, after which such action would be barred has been extended by the Revenue Service to December 31, 1969."

In response, the Commissioner in his Reply Brief stated at page 4, in a footnote:

"It should be noted that taxpayer will apparently (Br. 9) have until December 31, 1969, to bring a refund suit in the District Court or Court of Claims for 1960, 1961 and 1962, so she will not be without a forum to present the merits of her claims."

The question as to the taxpayer's remedy, however, is not before us.

The decision of the Tax Court is affirmed.