John H. RICE

v.

The UNITED STATES.

No. 656–84T.

United States Claims Court.

Sept. 25, 1985.

Walter G. Van Dorn, Boston, Mass., attorney of record for plaintiff. Nathaniel

M. Gorton, Boston, Mass., Diana L. Leyden, Washington, D.C., and Powers & Hall, Boston, Mass., of counsel.

David Gustafson, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., attorney of record for defendant. Mildred L. Seidman and Gerald B. Leedom, of counsel.

## OPINION

LYDON, Judge:

This tax case involves a suit for refund of certain income taxes, plus interest. The sole issue before the court concerns the propriety of the assessment and collection by the Internal Revenue Service of a deficiency in income tax, plus interest, based on an increase in plaintiff's long-term capital gains for 1977 of some $149,966.00 relative to the transfer of certain securities. The actual amount of tax in controversy, according to plaintiff, "has not been precisely calculated" as to this specific matter, but is estimated by plaintiff to be in excess of $50,000.

### I.

Plaintiff, a resident of Massachusetts, was divorced from his wife in June 1976 by a judgment of divorce entered by the Berkshire County Probate Court. Pursuant to state statutory provision, the probate judge ordered plaintiff, *inter alia,* to convey certain securities to his former wife in satisfaction of her right to alimony. The securities were the separate, non-marital property of the plaintiff prior to their transfer, and he apparently did not attempt to negotiate any form of property or alimony settlement with his former spouse prior to entry of the decree. Plaintiff appealed the decree to the Supreme Judicial Court of Massachusetts, which, on April 14, 1977, affirmed the probate judge's actions. *Rice v. Rice,* 372 Mass. 398, 361 N.E.2d 1305 (1977).

On June 2, 1977, plaintiff transferred the securities to his ex-wife. It is fair to characterize this transfer as involuntary insofar as plaintiff was concerned.

Plaintiff did not treat this transfer as a taxable event for his taxable year 1976 or 1977. The Internal Revenue Service assessed a deficiency for 1977, reasoning that the excess of the fair market value of the transferred stock as of the transfer date, June 2, 1977, over the stock's adjusted basis was long-term capital gain that had to be realized and recognized, *viz.,* was subject to tax, under the principle of *United States v. Davis,* 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962).

Plaintiff paid the tax, together with the interest due thereon, at Boston, Massachusetts on December 18, 1980. On October 18, 1982, plaintiff filed a claim for a refund, plus interest, with the Internal Revenue Service at Andover, Massachusetts. By letter dated January 5, 1983, the Internal Revenue Service informed plaintiff that his claim for refund was denied in full. On December 10, 1984, plaintiff brought suit in this court. On June 3, 1985, defendant moved for summary judgment. Plaintiff filed a brief in opposition thereto, agreeing that there was no issue of material fact, but did not *in haec verba* file a cross-motion for summary judgment, although in opposing defendant's motion for summary judgment, plaintiff clearly espouses his right to judgment in his argument. However, since plaintiff did not officially denominate his reply as a cross motion, defendant was unwilling to concede there were no issues of material fact for purposes of such a motion since defendant was not prepared to conclude that the transfer was, in fact, totally involuntary in the event the court concluded that this fact was relevant to its decision. *See in this regard Thoen v. United States,* 765 F.2d 1110 (Fed.Cir.1985).

### II.

The critical issue in this tax case concerns the applicability *vel non* of *United States v. Davis,* 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962), to the facts as set forth above. In essence, plaintiff claims that *United States v. Davis, supra,* is inapplicable because the instant transfer was

involuntary and not voluntary, *i.e.,* the result of settlement or negotiation.[1]

The taxpayer in *United States v. Davis, supra,* transferred appreciated stock, which was solely his subject to certain inchoate spousal rights under local law, to his former wife in exchange for the release of her marital claims. The Supreme Court held that this was not a nontaxable division of property between co-owners but rather a taxable transfer of property in satisfaction of a legal obligation that required recognition of gain to the taxpayer.

Subsequent to *United States v. Davis, supra,* most of the cases involving this basic fact situation have turned on the question of whether the transferee spouse's interest in the transferred property prior to the transfer rose to the level of co-ownership under local law such that the transfer could be characterized as a nontaxable division of property between co-owners and therefore outside the rule of *United States v. Davis, supra. See, e.g., Collins v. Commissioner,* 412 F.2d 211 (10th Cir.1969); *McIntosh v. Commissioner,* 85 T.C. No. 4 (1985). In this case, however, plaintiff "does not assert that [his former wife's] interest in the transferred securities rose to co-ownership under Massachusetts law." Plaintiff's brief at 14.

Rather, plaintiff contends that *United States v. Davis, supra,* was premised upon a voluntary transfer of property and consequently does not apply to the case at bar, involving as it does an involuntary transfer, *i.e.,* pursuant to court decree. It is concluded, however, that neither the language nor reasoning of *United States v. Davis, supra,* nor subsequent case law, support this position.

■ Although it is true that *United States v. Davis, supra,* involved a voluntary settlement, there is nothing in the language of the case to suggest that fact was central to the outcome. Instead, the holding of the case, unqualified except for the implication of possible co-ownership status, appears to this court to be that a divorcing spouse recognizes gain when he or she transfers appreciated property in satisfaction of an obligation arising out of the marital relationship with the former spouse. Had the Supreme Court in *United States v. Davis, supra,* felt that the nature of the transfer was relevant, it is not unreasonable to expect that a discussion thereof would have occurred at the time the Supreme Court discussed the local statute that gave the court authority to award property in a divorce. There is, of course, no such discussion on that point in said opinion. *See United States v. Davis, supra,* 270 U.S. at 70, 82 S.Ct. at 1193; *See also Wallace v. United States,* 309 F.Supp. 748, 760 (S.D.Ia.1970), *aff'd,* 439 F.2d 757 (8th Cir.1971), *cert. denied,* 404 U.S. 831, 92 S.Ct. 71, 30 L.Ed.2d 60 (1971). *See generally* 3 Bittker, *Federal Taxation of Income, Estate and Gifts* ¶ 77.4.2 at p. 77–25 (1981) (hereinafter cited as "Bittker") ("[T]he transferor recognizes gain or loss under *United States v. Davis* if he thereby discharges a legal duty for support or obtains a release of marital rights * * *.").

Here, plaintiff transferred, *inter alia,* appreciated securities in partial satisfaction of his alimony obligations under Massachusetts law. That this transfer was pursuant to court order rather than negotiated settlement does not appear particularly relevant to the tax analysis of the transaction. Real property taken in a condemnation action is taken involuntarily, yet it is clear that gain in such a case must be recognized, subject only to the exceptions contained in Sections 1033 and 1034 of the Internal Revenue Code of 1954 (hereinafter referred to as the "Code"). *See also id.* § 1001(c); *Bliss v. Commissioner,* 27 BTA 803, 805 (1933).[2]

---

1. To the extent the allegation in plaintiff's complaint that the transfer was not one upon which gain could be recognized under any provision of the Internal Revenue Code is not viewed as a refined summary of his other arguments, it is clearly without merit. *See United States v. Da-*

*vis,* 370 U.S. 65, 71, 82 S.Ct. 1190, 1193, 8 L.Ed.2d 335 (1972).

2. Plaintiff vigorously contends that this case is controlled by a principle espoused in *Kenan v. Commissioner,* 114 F.2d 217, 219 (2d Cir.1940),

The court's holding herein is supported by a line of cases decided after *United States v. Davis, supra,* involving involuntary transfers. In *Stephens v. Commissioner,* 38 T.C. 345 (1962), the taxpayer was ordered by the court granting the divorce to transfer real estate, *i.e.,* the family home, to his ex-spouse. The involuntariness issue was not raised by the taxpayer, but the government asserted that the transfer was in satisfaction of an obligation created by a state court and therefore taxable. *Id.* at 347. The Tax Court felt that the issue was the "same in principle" as that involved in *United States v. Davis, supra,* and thus held for the government. *Id.* at 348.

In *Pulliam v. Commissioner,* 329 F.2d 97, 98–99 (10th Cir.1964), *aff'g,* 39 T.C. 883 (1963), *cert. denied,* 379 U.S. 836, 85 S.Ct. 72, 13 L.Ed.2d 44 (1964), the taxpayer argued that *United States v. Davis, supra,* did not apply to a court decreed transfer of securities "because the voluntary nature of the settlement was 'the *sine qua non*' of Davis." 329 F.2d at 98. Nevertheless, the court held that *United States v. Davis, supra,* was applicable, although its opinion did not directly resolve the issue as it essentially found the parties' request for the divorce court to divide the property to be an agreement. *See id.* at 99.

Later cases have treated the decree as a substitute for an agreement, holding that *United States v. Davis, supra,* is fully applicable. In *Carriers v. Commissioner,* 64 T.C. 959 (1975), *aff'd per curiam,* 552 F.2d 1350 (9th Cir.1977), the Tax Court stated: "The fact that the transfer of stock took place as a result of the court's decree, because the parties were unable to agree on the division of the property, has no bearing on whether it is a sale or exchange. The decree merely takes the place of the agreement the parties were unable to reach." 64 T.C. at 967 (citing *Pulliam v. United States, supra* ). *Accord May v. Commissioner,* T.C. Memo 1974–54, 33 T.C.M. (CCH) at 258, 43 T.C.M. (P–H) at 241 ("The decree merely takes the place of the agreement they were unable to reach without the court's aid.") (citing *Pulliam v. United States, supra* ). *See also* 1 Bittker ¶ 40.5.2 at p. 40–25. (" * * * *Davis* is not restricted to 'voluntary' settlements but also applies to court ordered settlements * * *.") (citing *Pulliam v. United States, supra* ).[3]

Perhaps the most cogent reason for not accepting plaintiff's position is as set forth in *Wallace v. United States, supra,* 309 F.Supp. at 760, *viz.,* to do so would be "unconscionable" inasmuch as it would have the effect of penalizing those taxpayers who voluntarily settled their differences.

In short, the plaintiff incurred an obligation to pay alimony to his wife under Massachusetts law upon their divorce. He satisfied this obligation, in part, by the transfer of securities with a value in excess of their basis. That this transfer occurred pursuant to court order rather than agreement does not change the operative principle of law, *i.e.,* use of appreciated property in satisfaction of an obligation results in the recognition of gain. The points stated by plaintiff are, at best, distinctions without differences, and this court will not re-

---

to the effect that there is no recognition of gain upon the transfer of specific property to which the transferee was entitled. The court finds the case inapposite. That case involved testamentary gifts that were presumably donative in nature. Here, by contrast, the transfer had, *as its ultimate basis,* plaintiff's obligation under Massachusetts law to provide his former wife with alimony. The court decree was only the means by which this obligation was quantified. Unlike the gift in *Kenan v. Commissioner, supra,* the court decree involved here does not have independent significance.

**3.** There are also "involuntary" transfer cases where the applicability of *United States v. Davis, supra,* in this regard was simply accepted without argument. *See Forbes v. United States,* 472 F.Supp. 840 (D.Mass.1979) (Massachusetts divorce); *Swaim v. Commissioner,* 417 F.2d 353 (6th Cir.1969), *aff'g,* 50 T.C. 302 (1968); *Fisher v. Commissioner,* T.C. Memo 1978–492 (Massachusetts divorce).

ward plaintiff for his failure to negotiate a settlement with his former wife.[4]

## III.

### *Conclusion*

Upon consideration of the briefs and submissions of the parties and after oral argument, the court concludes that defendant's motion for summary judgment should be granted, with plaintiff's complaint, as amended, to be dismissed.

4. The court is not persuaded by plaintiff's argument that recent decisions of the Supreme Court indicate that it would not apply *United States v. Davis, supra,* to the instant situation. Moreover, since the court views the case at bar as a mere application of *United States v. Davis, supra,* not an extension thereof, it does not view the effective overruling of *United States v. Davis, supra,* in Code Section 1041 as particularly relevant. Finally, to the extent *United States v. Davis, supra,* is incorrect, *see* plaintiff's complaint ¶ 12(d), its correction, under the circumstances, is beyond the authority of the Claims Court.

Plaintiff's rather isolated assertion that the proper year of inclusion was 1976, the year in which the obligation arose rather than 1977, the taxable year at issue is without merit. Further, plaintiff does not contend that the Internal Revenue Service improperly valued the stock, although he alludes to valuation problems. Neither of these arguments was advanced in his claim for refund, and plaintiff is therefore barred from raising them now as they are without this court's jurisdiction. *See* Code Section 7422(a); Treas.Regs. § 301.-6402–2(b)(1); *see also, e.g., Burlington Northern, Inc. v. United States,* 231 Ct.Cl. 222, 684 F.2d 866 (1982); *Pinckes v. United States,* 7 Cl.Ct. 570 (1985). Even if the court reached the merits of these two points, it would not aid plaintiff for he failed in any event to overcome the presumptive correctness of the Service's actions. *See e.g., Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933); *Young & Rubicam, Inc. v. United States,* 187 Ct.Cl. 635, 644, 410 F.2d 1233, 1238 (1969). Indeed, the government makes persuasive arguments that these positions, if considered, would be deemed without merit as a matter of law.