S. GEORGE ULLMAN, EXECUTOR, ESTATE OF RUDOLPH VALENTINO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4477.   Promulgated February 9, 1927.

Where a husband had a contract of employment for three years, beginning in 1922, and in that year an interlocutory decree of divorce was entered in California, relating to his marriage, and thereafter he paid his wife $12,000 in consideration of which she relinquished all right and claims which she might have under the community property laws of California to the income which he would receive under his contract of employment, any expense incurred by him as a result of this transaction is not deductible under section 214(a)(5) of the Revenue Act of 1921.

*Rolland L. Nutt, Esq.,* and *Lawrence P. Mattingly, Esq.,* for the petitioner.
*Brice Toole, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income taxes for the year 1922, amounting to $1,591.59, resulting from the Commissioner's disallowance as a deduction of the amount of $12,000 paid by Rudolph Valentino to his wife in 1922, and claimed as a loss in that year. The petition was filed by Rudolph Valentino prior to his death. He died August 23, 1926, and at the hearing on appeal a suggestion of death was filed by counsel and motion made and granted that " Estate of Rudolph Valentino, S. George Ullman, Executor," be substituted as party petitioner.

The facts were stipulated.

#### FINDINGS OF FACT.

Rudolph Valentino Guglielmi was a motion picture actor, professionally known as Rudolph Valentino, who, during the year 1922,

and for several years prior thereto, was domiciled in the County of Los Angeles, State of California.

At the beginning of 1922, Rudolph Valentino Guglielmi was the husband of Harriet H. Guglielmi, a motion picture actress, professionally known as Jean Acker, the marriage having taken place in Los Angeles on November 5, 1919. He was employed by the Famous Players-Lasky Corporation under a three-year contract beginning in 1922, which contract was entered into subsequent to November 5, 1919. On March 9, 1922, he was awarded an interlocutory decree of divorce from his wife by the Superior Court of the State of California, County of Los Angeles. Shortly thereafter he entered into a written agreement with Harriet H. Guglielmi whereby he paid to her $12,000 in the year 1922, in consideration of which she agreed to relinquish all right or claims which she might have under the community property laws of California to the income which her husband would receive under his contract of employment above mentioned. All of the income which he received under the aforesaid contract was earned and paid to him in 1922, he having abandoned said contract during the latter part of that year. A final decree of divorce was entered on March 12, 1923.

In his income-tax return for 1922 he reported all said income received from the Famous Players-Lasky Corporation, less the $12,-000 which he paid during that year to his wife as aforesaid.

The respondent increased the taxable income by $12,000, disallowing said reduction.

## OPINION.

Murdock: The petitioner contends that there should be deducted from income for 1922 the amount of $12,000, under the provisions of section 214(a)(5) of the Revenue Act of 1921, which reads as follows:

Sec. 214. (a) That in computing net income there shall be allowed as deductions:

\*     \*     \*     \*     \*     \*     \*

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business \* \* \*.

The contract and any income which might be received from it up to the date of the final decree of divorce would, no doubt, be community property under the Civil Code of California, section 164 of which reads as follows:

§ 164. *Community property.* All other property acquired after marriage by either husband or wife, or both, including real property situated in this state, and personal property wherever situated, heretofore or hereafter

acquired while domiciled elsewhere, which would not have been the separate property of either if acquired while domiciled in this state, is community property * * *.

The ground for divorce was neither adultery nor extreme cruelty, and the following portion of section 146 of the same code applies:

* * * In case of the dissolution of the marriage by the decree of a court of competent jurisdiction, the community property, and the homestead, shall be assigned as follows:

\*        \*        \*        \*        \*        \*        \*

Two. If the decree be rendered on any other ground than that of adultery or extreme cruelty, the community property shall be equally divided between the parties.

It is conceded that under the California law a wife's interest in community property does not vest until a final decree of divorce has been entered and that she has a mere expectancy until that time. *United States* v. *Robbins*, 269 U. S. 315; 46 Sup. Ct. Rep. 148; *Brown* v. *Brown*, 170 Cal. 1; 147 Pac. 1168.

Guglielmi paid $12,000 and in consideration thereof his wife surrendered her expectant interest which the community property laws of the State of California gave her in the income which her husband would receive under his contract, whatever that income might be. Her expectancy arose through their marriage and the payment of $12,000 was a settlement between a husband and a wife in so far as the income from this contract was concerned. His purpose in entering into the agreement was to make a definite settlement with his wife. The personal relationship between a husband and his wife is such that, when they decide to terminate that relationship and to divide their community property in California, neither of them can successfully contend that the transaction was entered into for profit within the meaning of the taxing statute here in question. The rights of this wife arose from the marriage, and the settlement of those rights by the husband is a personal expense to him, if it may be said to be an expense. See *Gould* v. *Gould*, 245 U. S. 151; *Audubon* v. *Shufeldt*, 181 U. S. 575; and *Appeal of David G. Joyce*, 3 B. T. A. 393. They had a division to make, and if one made this on favorable terms and the other on unfavorable terms, that one who lost is not thereby entitled to a deduction under section 214(a)(5) of the Revenue Act of 1921.

*Judgment will be entered for the respondent.*

LITTLETON concurs in the result only.