## TERRY v. UNITED STATES.
### No. 3628.

District Court, D. Connecticut.
Oct. 31, 1934.

184

Allan K. Smith, of Hartford, Conn., for plaintiff.

Paul R. Russell, of Bureau of Internal Revenue, of Washington, D. C., and George H. Cohen, Asst. U. S. Atty., of Hartford, Conn., for the United States.

### Finding of Facts.

HINCKS, District Judge.

The plaintiff at all times material to the issues herein was a resident of Connecticut, and the mother of one James E. Terry, deceased, who, by his will, gave a substantial estate to the Hartford-Connecticut Trust Company, a Connecticut corporation, in trust, to invest and reinvest the same and to pay the net income thereof to the plaintiff during her life with remainder, in fee, to his daughter Leontine. On December 4, 1930, the plaintiff, acting through the Hartford-Connecticut Trust Company as her attorney, sold to brokers 150 shares of the Ætna Life Insurance Company, of all of which she had been the sole owner since April, 1930. On the same day, viz., December 4, 1930, the Hartford-Connecticut Trust Company, as trustee under the will of James Terry, purchased 150 shares of the Ætna Life Insurance Company from the same brokers at substantially the same price for the trust estate. The price at which the plaintiff sold and at which the Trust Company bought was the market price. The sale by the plaintiff resulted in a substantial loss over the price which she had paid for the securities. This loss she claimed as a deduction in her tax return for the calendar year 1930, but the deduction was disallowed by the Commissioner. The plaintiff thereupon paid the additional tax, which was duly assessed as a result of said disallowance, and, after making due application for a refund which was rejected, brought this suit for the recovery of so much of the tax as resulted from said disallowance. It was stipulated that the plaintiff, if entitled to recover at all, should have judgment in the sum of $2,059.22, with interest upon the sum of $2,016.58 from June 19, 1933, and interest on the sum of $46.65 from March 15, 1931, to the date of payment of said judgment. The net result of the sale was that thereafter as well as theretofore, the plaintiff enjoyed the entire income of said stock; but theretofore her enjoyment thereof was an attribute of full legal ownership and coupled with all the other attributes of ownership; whereas, thereafter her right to the enjoyment of that income was only as life beneficiary under said will and subject to the charges of the trust.

An employee of the Trust Company testified that the plaintiff's chief purpose in making this sale was to change her investment into other securities which she "preferred." This testimony was given without objection by the defendant and indeed, if I correctly recall, was elicited by an inquiry made by the defendant, and hence may properly be considered by the court. However, since the testimony was shown to be a conclusion based upon hearsay, I give it little weight. And if the government is correct in its contention—which I shall presently discuss—that the burden is upon the plaintiff to show that her controlling motive in making the questioned sale was for purposes other than to avoid taxes, I should be constrained to infer from plaintiff's failure to testify that she had failed to satisfy such a burden. Indeed, in order to make the record complete for purposes of appeal, I do so find, although in the view which I take of the law, that finding is immaterial. And I further find by inference from the fact that the plaintiff had prior to the sale owned the Ætna stock for a substantial period of time, that she had acquired and retained the stock for purposes of investment.

### Conclusions of Law

1. I hold that the word "transaction," as used in section 23 (e) (2) of the Revenue Act of 1928, 26 USCA § 2023 (e) (2), which makes losses deductible "if incurred in any transaction entered into for profit," etc., must be construed, when a sale is involved, to include not merely the sale alone, but also the original purchase or acquisition.

2. I hold that under said statute, if the deductibility of a loss resulting from a sale depends at all upon the taxpayer's purpose or motive, the significant motive is that which actuated the original acquisition of the subject-matter, and not at all the motive actuating its sale.

3. I hold that the sale of Ætna stock involved herein was part of a transaction which the taxpayer entered into for profit within the meaning of the statute and that the resulting loss was deductible.

4. I hold that the deductibility of the loss is not affected by the fact that the stock which plaintiff sold was purchased by a trust estate in which she had a life interest.

5. I hold that the plaintiff is entitled to judgment in the amount stipulated as aforesaid, with costs.

### Opinion.

As I understand it, the defendant's chief contention is that the taxpayer must show by a fair preponderance of evidence that she made the questioned sale for purposes other than to avoid income tax; otherwise the "transaction," as the word is used in section 23 (e) (2), Revenue Act 1928, 26 USCA § 2023 (e) (2), is not shown to be a transaction "for profit." The validity of this contention obviously depends upon the question whether the statute in this section uses the word "transaction" to apply to the sale alone, or whether, as the plaintiff claims, the word "transaction" is used in a broader sense to comprehend all phases of the taxpayer's relation to the subject-matter, including his original acquisition thereof as well as its sale.

That the defendant's contention in this respect is without merit requires little demonstration. Interested by the novelty of a contention so fundamental, I have carefully examined all the cases cited to me and find no authority whatever for the defendant's contention. Nor is the contention supported by the simplest processes of statutory construction. For if we accede to the defendant's contention and substitute in section 23 (e) (2) the word "sale" for the word "transaction," an absolute repugnance of language would ensue, viz., "losses * * incurred in any *sale* entered into for profit." If a *sale* is made *for profit*, how can a loss be incurred in the sale?

Under section 111, Revenue Act 1928, 26 USCA § 2111, a "loss" is defined as the excess of the "basis" over the amount realized. Under section 112 (26 USCA § 2112), it is provided in mandatory language, without any limitation applicable to such a case as that at bar, that upon the sale "the entire amount of the gain or loss * * * shall be recognized." And under section 113 (26 USCA § 2113), it is provided with respect to property acquired after February 28, 1913, that the "basis" shall be the "cost" (with no limitation here applicable). Since by the very structure of the act, section 23 (g) of the act, 26 USCA § 2023 (g), a loss, for purposes of deductibility, depends upon cost, it is necessary to construe the word "transaction" as used in section 23 (e) (2) as including the taxpayer's entire relation to the subject-matter of sale, including

his acquisition thereof and the cost as determined by his acquisition.

In this view of the law, my finding that the plaintiff purchased the securities in question for ordinary purposes of investment requires the ruling that irrespective of her motives later in selling them, the resulting loss was incurred in a "transaction entered into for profit." Burton v. Commissioner, 28 B. T. A. 1242; Worcester Bank & Trust Co. v. Commissioner, 13 B. T. A. 630. And the fact that the securities which the plaintiff sold were purchased almost simultaneously by a trust estate in which she had a life interest in no way impugns the reality of the sale. Anderson v. Wilson, 289 U. S. 20, 53 S. Ct. 417, 77 L. Ed. 1004.

Judgment for plaintiff, with costs.