**PINGREE et al. v. HASSETT, Former Acting Collector of Internal Revenue.**

No. 6614.

District Court, D. Massachusetts.
March 10, 1938.

Earle W. Carr, of Gaston, and Snow, Hunt, Rice & Boyd, of Boston, Mass., for plaintiff.

F. A. Michels, Sp. Asst. to Atty. Gen. (Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to Atty. Gen., on the brief), for defendant.

SWEENEY, District Judge.

This is an action at law to recover a deficiency tax assessment alleged to have been illegally assessed, collected, and retained.

A stipulation of facts has been filed by the parties, and additional testimony was taken in open court, from which the following findings of fact are made: The plaintiff Mary Weld Pingree is the only plaintiff of interest in this suit. On April 4, 1922, she created a trust, naming herself and mother as cobeneficiaries for life. She retained the right of appointment by will over the corpus of the estate, and the right, subject to the consent of the cobeneficiary and one of the trustees, to draw on the trust principal up to the extent of $1,000,000.

On October 26, 1923, the plaintiff purchased with personal funds a parcel of real estate for the sum of $390,000 in cash. This real estate consisted of business property. On November 27, 1931, she mortgaged the real estate for $200,000. On December 13, 1932, being in need of money to complete the construction of a new residence, she sold and conveyed to the trustees under her indenture of trust the real estate referred to for the sum of $250,000, of which $50,000 was paid in cash to her by the trustees, and $200,000 was paid to the mortgagee of the realty at the maturity of the mortgage.

At the time of the sale, there had been capital additions to the real estate in the amount of $2,558.80, and depreciation in the amount of $13,379.70, making a net capital investment in the real estate of $379,179.10 as of the date of sale. There was no agreement or understanding expressed or implied that the plaintiff could at any time reacquire the property from the trust. It is still owned by the trust. The loss sustained by the plaintiff on this sale was $129,179.10.

Prior to March 15, 1933, the plaintiff filed a joint federal tax return with her husband in which this loss was deducted. The Commissioner of Internal Revenue

disallowed it, because the right of appointment by will had been reserved to the plaintiff in the trust instrument, and because she had not lost control of the property.

He assessed a deficiency tax amounting to $11,959.68, which, with interest of $1,626.35, made a total of $13,586.03 which was paid. The plaintiff seasonably filed a claim for refund on the ground that the loss sustained should have been allowed as a proper deduction on her tax return. On August 28, 1935, the Commissioner disallowed the claim for refund, and this suit has been brought to recover the deficiency tax paid.

Before the sale relied on took place, the plaintiff through her financial agent, who happened to be one of the trustees, made every effort to sell this property to some third party. Real estate agents were contacted for the purpose of securing buyers, but these efforts were without success. A lease of the entire property had been executed in that year materially writing down the income to be received from the tenant. On the basis of the income received, I find that the fair market value of the property at the time of sale was in the vicinity of $250,000. It had an assessed value for tax purposes in the amount of $324,000. It is recognized by the court that in the year 1932 the value of all real estate was low. The fact that its fair market value did not approximate its assessed value is of no material significance. After all efforts to sell the property to an outside party had been exhausted, it was determined that the trust created by the plaintiff should become the purchaser, to pay what had previously been determined to be the fair market value of $250,000. I find that in her efforts to sell the property the plaintiff made sincere efforts to make an outright sale without reservation to any purchaser that could be located, and that the trust only took the property after exhausting the possibility of other purchasers.

### Conclusions of Law.

Section 23 of the Revenue Act of 1932, 47 Stat. 179, 26 U.S.C.A. § 23 and note, allows as proper deductions:

(e) "Losses by individuals * * * sustained during the taxable year * * * (2) if incurred in any transaction entered into for profit."

Section 112, 47 Stat. 196, 26 U.S.C.A. § 112 and note, provides that: (a) "Upon the sale or exchange of property the entire amount of the gain or loss determined * * * shall be recognized, except as hereinafter provided in this section."

The sale under consideration does not come within any exception, and a loss incurred thereby seems to be a proper deduction if it is a bona fide sale, and if made in good faith. As a matter of law, I am satisfied that the interest this plaintiff retained in the trust was not such an interest as would defeat her right to deduct from her tax return any loss incurred in the sale of her individual property to the trust. See Terry v. U.S., D.C., 10 F.Supp. 183; Lee B. Foster v. Com'r, 22 B.T.A. 717; Marston v. Commissioner, 2 Cir., 75 F.2d 936.

Since there has been no evidence introduced to show that the sale was not a bona fide sale, or that it was tainted by any fraud, I am of the opinion that the Commissioner erred in making the deficiency assessment against this plaintiff.

The defendant's request for judgment is denied, and its requests for rulings are denied. Judgment may be entered for the plaintiff in the sum of $13,586.03, with interest thereon at 6 per cent., to be computed in accordance with the applicable statute.