*Decisions will be entered under Rule 50.*

WILLIAM E. ROBERTSON AND GERTIE L. ROBERTSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5904–69. Filed February 25, 1971.

*Lee A. Hansen,* for the petitioners.
*Joseph M. Wetzel,* for the respondent.

DAWSON, *Judge:* Respondent determined a deficiency of $1,634 in petitioner's Federal income taxes of the year 1965. After concessions by both parties, the only issues for decision are whether petitioners sustained a loss on the disposition of his interest in motel property, and if so, whether the loss is deductible under section 165(c), I.R.C. 1954.

FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. William E. Robertson and Gertie L. Robertson are husband and

wife who resided in Portland, Oreg., at the time they filed their petition in this proceeding. They filed their joint Federal income tax return for the year 1965 with the district director of Internal Revenue at Portland, Oreg.

William E. Robertson (herein called petitioner) was formerly married to Lena Robertson. They were divorced on August 10, 1965. During their marriage the petitioner and Lena purchased on May 28, 1964, the Ranch Inn Motel in Portland for $150,000. They made a downpayment of $13,350, and payments of $1,250 per month thereafter, including taxes and interest. These payments were made from July 1964 to December 1965.

The decree of divorce of Lena and petitioner, after providing for child care payments and attorney's fees, further provided:

5. That plaintiff shall have the motel located at 10138 S.W. Barbur Blvd., Portland, Oregon, known as the Ranch Inn Motel, and legally described as follows:

Tax Lot 131, Section 30, Township, 1 South,
Range 1 East of the Williamette Meridian,
Multnomah County, Oregon.

subject to Plaintiff paying to Defendant the sum of $5,000.00 within thirty days from the date of this decree.

Household furnishings presently located in the above premises are likewise to be the property of the Plaintiff herein.

Defendant shall have the right to redeem this property at any time in the future when and if the Plaintiff becomes four months in arrears on the mortgage payment, and likewise may assume the aforementioned property any time a valid foreclosure claim is made.

6. Defendant shall have as his own, free and clear of any claim of the Plaintiff, the 1963 Dodge automobile, the Jeep vehicle and the 14-foot boat of the parties.

7. Stocks presently held with Dean Witter & Co. are to be equally divided between the parties, such division to take place at their option.

8. The federal income tax presently in the hands of the Plaintiff shall be equally divided between the parties after payment to the Oregon State Tax Commission for 1964 taxes has been made.

At the time of divorce, the basis of Lena and petitioner in the motel was:

| | | |
|---|---:|---:|
| Downpayment | $13,350.00 | |
| Nine installments | 11,250.00 | |
| | 24,600.00 | $24,600.00 |
| Less: | | |
| Interest | 5,964.82 | |
| Taxes | 1,250.00 | |
| Depreciation | 2,449.93 | |
| | 9,664.75 | 9,664.75 |
| Basis | | 14,935.25 |

Petitioner's share of their basis was $7,467.63.

Prior to their divorce, neither petitioner nor Lena was willing to sell the motel property to a third party because the realtor's commission would have consumed their equity in the property. During the negotiations prior to their divorce petitioner offered to purchase Lena's half of the property for $5,000 plus the assumption of her half of the liabilities, including a promissory note in the amount of $2,000 payable to Glen Blair. Lena refused the offer, and instead agreed to purchase petitioner's share on the same terms. This agreement was reflected in the divorce decree, and payment of the note was enforced by later and separate litigation.

Petitioner sustained a loss of $1,467.63 in the disposition of his interest in the motel property.

OPINION

In his notice of deficiency the respondent disallowed a claimed deduction of $4,426 as a loss from the sale of the Ranch Inn Motel with the explanation that "the loss deduction is prohibited by section 267 of the Internal Revenue Code, and also the loss is disallowed because you have not established that: (1) A loss in fact incurred because the sales price of the motel has not been established; and that (2) the loss was incurred in a transaction entered into for profit." In his opening statement at the trial of this case, respondent's counsel specifically disclaimed further reliance on section 267, and it is not mentioned in respondent's briefs.

We have determined that petitioner suffered a loss in disposing of his interest in the motel property. The sales price was $6,000, consisting of payments of $5,000 plus the assumption of petitioner's half of the $2,000 note. These figures are gleaned from petitioner's testimony and from the two decrees which were introduced in evidence. Petitioner's reference to litigation over a $1,500 note is obviously a reference to litigation over the $2,000 note to Glen Blair.

We reject respondent's argument that petitioner received other property for his interest in the motel. Petitioner sold his interest on the same terms which he had offered for Lena's interest. The division of their other property was unrelated to this particular transaction. Respondent's calculations, which show petitioner receiving the larger share of the property division, fail to take into account the household furnishings which went to Lena.

We also reject respondent's contention, first raised on brief, that petitioner failed to take all the depreciation allowable on the motel, and that his basis should be reduced accordingly. The notice of deficiency questions the sales price, not petitioner's basis. Although respondent made reference to a basis problem in his opening statement, it was a problem of substantiation, which, under the circumstances,

we regard as a problem different from depreciation calculation. It is well settled that new issues may not be raised for the first time on brief. See *Sidney Messer*, 52 T.C. 440 (1969); *Eleanor C. Shoemaker*, 38 T.C. 192 (1962).

Respondent next contends that the "loss incurred within the confines of a property division in a divorce action is not deductible under section 165(c)." We think this formulation misstates the problem.[1]

No division of the motel property occurred, for no division was possible. Since the business association of Lena and petitioner could not survive their divorce, petitioner offered to buy out Lena. When she declined to sell, petitioner sold his interest to her for the terms he had offered. Respondent, in disclaiming reliance on section 267, acknowledged that they negotiated at arm's length.

The sorting out of property interests during divorce may result in taxable transactions. *United States* v. *Davis*, 370 U.S. 65 (1962). In that case the taxpayer transferred appreciated stock for valuable marital property rights. Here the petitioner transferred his interest in the motel for cash. In each case the parties to the transaction bargained at arm's length, and in each case it may be assumed that the value of what they gave up was equal to what they received. *United States* v. *Davis*, *supra* at 72. Given a sale and an ascertainable price, recognition of gain or loss is appropriate. See *E. Eugene King*, 31 T.C. 108 (1958); *Estate of Gordon A. Stouffer*, 30 T.C. 1244 (1958); *Aleda N. Hall*, 9 T.C. 53 (1947).

Respondent has cited cases disallowing deductions for the expenses of defending property in divorce actions. We think the issue of expenses arising out of divorce is quite unlike the issue of whether a divorce may offer the occasion for recognizing gains and losses which have already occurred. In *S. George Ullman, Executor*, 6 B.T.A. 100 (1927), the taxpayer had purchased his wife's right to share in anticipated income. He could not thereby reduce the amount of that income.

Respondent suggests that a loss resulting from a transaction entered into for profit, in order to be deductible, must also result from a transaction completed for profit. Respondent contends that petitioner disposed of the motel for personal reasons. We think that one who sells stock in order to pay medical bills or to take a vacation sustains gains or losses in a transaction entered into for profit, notwithstand-

---

[1] SEC. 165. LOSSES.

(a) GENERAL RULE.—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(c) LIMITATION ON LOSSES OF INDIVIDUALS.—In the case of an individual, the deduction under subsection (a) shall be limited to—

　　(1) losses incurred in a trade or business;

　　(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and

ing the personal motivations in completing the transaction. Such is the case here. See and compare *Terry* v. *United States*, 10 F.Supp. 183 (D.Conn. 1934) ; *David R. Pulliam*, 39 T.C. 883 (1963), affd. 329 F.2d 97 (C.A. 10, 1963). *Evans* v. *Rothensies*, 114 F.2d 958 (C.A. 3, 1940), cited by respondent, involved a gift. The parties here dealt at arm's length.

Accordingly, we hold that petitioner is entitled to deduct a loss of $1,467.63 in the disposition of his interest in the motel property.

To reflect the agreement of the parties on some issues and the conclusions reached herein on the disputed issues,

*Decision will be entered under Rule 50.*