CRAIG A. SUMNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sumner v. Commissioner
Docket No. 2190-80.
United States Tax Court
T.C. Memo 1982-561; 1982 Tax Ct. Memo LEXIS 195; 44 T.C.M. (CCH) 1233; T.C.M. (RIA) 82561; September 23, 1982. Craig A. Sumner, pro se. Karen A. Perez, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a $5,726 deficiency in petitioner's 1977 income tax. After concessions by petitioner the issues remaining for decision are (1) whether petitioner is entitled to a $6,500 charitable contribution deduction; (2) whether petitioner is entitled to a $10,552 travel expense deduction; and (3) whether petitioner *196 is entitled to a $1,800 educational expense deduction. FINDINGS OF FACT Some of the facts are stipulated. The stipulation and its attached exhibits are incorporated herein by reference. Petitioner resided in Green Mountain Falls, Colorado, when he filed the petition in this case. During 1977 petitioner was employed by Johnson Controls as a welder. Due to new regulations petitioner had to become certified in heliarc welding to remain employed with Johnson Controls. Prior to the implementation of the new regulations petitioner satisfied the minimum training requirements of his job. Petitioner traveled to Denver to take the course which certified him as a heliarc welder. Petitioner deducted $1,800 for expenses related to the heliarc course. Petitioner deducted the $839.46 course fee. He also deducted $960.54 for food, lodging and transportation expenses incurred in traveling to and living in Denver for the course. Respondent determined that: [t]he deduction of $1,800.00 shown on your return as educational expenses is not allowable because it has not been established that this amount was paid during the taxable year or that the expense was incurred to maintain *197 or improve skills required in your present employment. Therefore, your taxable income is increased $1,800.00. Petitioner deducted $10,522 for employee business and travel expenses. Petitioner deducted $6,500 for charitable contributions. Respondent disallowed these deductions for failure of substantiation. OPINION Section 170 [1] allows a deduction for charitable contributions. Section 162 allows a deduction for unreimbursed employee business expenses. But a taxpayer must substantiate his entitlement to these deductions. Sections 162, 170(a)(1), 274(d), and the regulations thereunder. Petitioner did not introduce evidence to satisfy the substantiation requirements. Instead, petitioner argues in his brief that "the charitable contributions and employee business expense deductions should be allowed by the Court in this matter for the reason that the Petitioner, through no fault of his own, is unable to verify or reconstruct the expenses due to the burglary of his home." Petitioner introduced evidence that his home had been burgled and *198 that a locked metal filing cabinet containing records had been stolen. Petitioner relies on section 1.274-5(c)(5), Income Tax Regs., to excuse his failure to substantiate. This provision provides: (5) Loss of records due to circumstances beyond control of the taxpayer. Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures. This regulation does not help petitioner in this case. Even if a taxpayer loses his records due to circumstances beyond his control he still must substantiate his asserted business deductions by a reasonable reconstruction of his expenditures. Petitioner made no effort at trial to reconstruct these expenditures. Concerning the employee business expenses petitioner testified only that he contacted one or two of the proprietors from whom he purchased the items and that they refused to help him. We find petitioner's evidence insufficient to satisfy his burden of proof on *199 this issue. Evidence of the theft of a taxpayer's records alone is insufficient to excuse substantiation. See Seckel v. Commissioner,T.C. Memo. 1974-170. Also, petitioner made little or no effort to obtain substitute receipts. Furthermore, he made no effort to reconstruct for the Court the items and amounts included in the $10,552 employee business expenses and the $960.54 travel expenses related to the heliarc welding course. In these circumstances petitioner is not entitled to deduct these business related expenses. Compare Prouse v. Commissioner,T.C. Memo. 1982-403, and Hartwell v. Commissioner,T.C. Memo. 1982-215. We also hold that petitioner is not entitled to the charitable deduction which he claimed. Petitioner admitted that he never attempted to contact the group to whom he allegedly made the contribution. Petitioner's actions thus fail to satisfy the requirement to reasonably substantiate charitable deductions. Respondent now concedes that petitioner adequately substantiated the $839.46 amount which petitioner paid to the school as a fee for the heliarc welding course. Section 1.162-5, Income Tax Regs., specifies *200 the requirements for deductibility of educational expenses. The relevant parts of this regulation provide: Section 1.162-5. Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures--(1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures, or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business *201 expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum education requirements. (i) The first category of nondeductible education expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. The fact that an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment. Once an individual has met the minimum educational requirements for qualification in his employment or other trade or business (as in *202 effect when he enters the employment or trade or business), he shall be treated as continuing to meet those requirements even though they are changed. (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. (c) Deductible educational expenditures--(1) Maintaining or improving skills. The deduction under the category of expenditures for education which maintains or improves skills required by the individual in his employment or other trade or business includes refresher courses or courses dealing with current developments as well as academic or vocational courses provided the expenditures for the courses are not within either category of nondeductible expenditures described in paragraph (b)(2) *203 or (3) of this section. (2) Meeting requirements of employer. An individual is considered to have undertaken education in order to meet the express requirements of his employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his established employment relationship, status, or rate of compensation only if such requirements are imposed for a bona fide business purpose of the individual's employer. Only the minimum education necessary to the retention by the individual of his established employment relationship, status, or rate of compensation may be considered as undertaken to meet the express requirements of the taxpayer's employer. However, education in excess of such minimum education may qualify as education undertaken in order to maintain or improve the skills required by the taxpayer in his employment or other trade or business (see subparagraph (1) of this paragraph). In no event, however, is a deduction allowable for expenditures for education which, even though for education required by the employer or applicable law or regulations, are within one of the categories of nondeductible expenditures *204 described in paragraph (b)(2) and (3) of this section. In the statutory notice of deficiency respondent disallowed the educational expense because of failure to substantiate and because of failure to show that the heliarc welding course maintained or improved skills required in petitioner's employment. See sections 1.162-5(a)(1) and 1.162-5(c)(1), Income Tax Regs. Respondent subsequently conceded the substantiation issue concerning the $839.46 fee paid to the school. In the trial memorandum and at trial, respondent's counsel also argued that the course fee was nondeductible because the course was required for petitioner to meet the minimum education requirements for qualification is his employment. See section 1.162-5(b)(2), Income Tax Regs.
Petitioner argues that the course fee was deductible because the course met the express requirements of his employer and the requirements of applicable regulations which were imposed as a condition to the retention by petitioner of his job. See sections 1.162-5(a)(2), 1.162-5(c)(2), Income Tax Regs.
We agree with petitioner on this issue. By credible, unchallenged testimony supported by a document from his employer petitioner showed *205 that he was employed as a welder, that he satisfied the minimum educational requirements for that job until new regulations required him to become certified in heliarc welding, and that his employer required that he take the heliarc welding course as a condition to continued employment. Based on these facts we find that petitioner satisfied the requirements for deductibility contained in the carefully drafted educational expense regulation. Petitioner took the course to meet the requirements of his employer as defined in section 1.162-5(c)(2), Income Tax Regs. Also, the heliarc welding course does not fall within the disallowance provision of section 1.162-5(b)(2), Income Tax Regs., because petitioner had previously met the minimum educational requirements for his job. The regulation provides that "[o]nce an individual has met the minimum educational requirements for qualification in his employment or other trade or business (as in effect when he enters the employment or trade or business), he shall be treated as continuing to meet those requirements even though they are changed." Section 1.162-5(b)(2), Income Tax Regs. Thus, taken as a whole, the regulation specifically provides *206 for deduction of educational expenses, such as the heliarc course costs in this case, which an employee, who originally satisfied the minimum educational requirements of his job, had to take to retain his employment. See also, section 1.162-5(b)(2)(iii) (example 1)(situation 4), Income Tax Regs. In the brief respondent's counsel argued for the first time that the heliarc welding course qualified petitioner for a new trade or business. Accordingly, respondent contends that the course expenses must be disallowed under section 1.162-5(b)(3), Income Tax Regs. Respondent is precluded from relying on this argument because it was not raised in a timely fashion. "It is well settled that new issues may not be raised for the first time on brief." Robertson v. Commissioner,55 T.C. 862, 865 (1971). See also Horvath v. Commissioner,59 T.C. 551 (1973). Neither the statutory notice of deficiency, which was narrowly drafted, nor the arguments presented at trial included consideration of the new trade or business issue. Accordingly, respondent may not raise it now. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect during the year in issue.↩