**Lester O. COFIELD, Plaintiff,**

v.

**Gus F. KOEHLER, District Director of Internal Revenue, Defendant.**

**No. T-2875.**

United States District Court
D. Kansas.

June 27, 1962.

Herbert W. Sandell, Manhattan, Kan., for plaintiff.

Newell A. George, U. S. Atty., R. Stanley Ditus, Asst. U. S. Atty., Topeka, Kan., for defendant.

HUXMAN, Senior Circuit Judge.

This is an action brought by plaintiff, Lester O. Cofield, for the recovery of $4,083.56, paid as taxes for the year, 1957. The answer to the question posed depends upon whether a property settlement in a divorce action resulted in a taxable transaction to the taxpayer with respect to the accumulated interest on a series of United States Government Bonds, Series "E", which were set aside to the wife in the property settlement.

## FINDINGS OF FACT

There is no dispute in any material fact. The facts were stipulated by the parties. The court finds these facts: Lester O. Cofield and Marguerite Cofield were married October 21, 1934. Neither had any accumulated property at the time of their marriage. She was equally competent with him in business matters. They continued as business partners both in a lumber business and in various other business enterprises. They were successful and accumulated a considerable estate consisting of personal property, including a substantial amount of Government Series "E" Bonds, as well as a large amount of real estate. The Series "E" Bonds were issued in their joint names.

On January 6, 1958, judgment was entered in the District Court of Riley County, Kansas, granting a divorce to the wife. So far as material, the judgment of the court awarded the wife permanent alimony in the sum of $5,000.00, and set aside to her as her separate property, one-half of the jointly accumulated property specifically described in the decree.

Included in the property set aside to her were United States Savings Bonds in the approximate amount of $50,225.00. These bonds are the Series "E" Bonds in question here. A corrected journal entry recites that upon further consideration, the court finds that the correct value of these bonds was $56,071.60. An adjustment was made requiring the wife to pay the plaintiff the sum of $2500.00. In the end, therefore, Series "E" Bonds of a value of $56,071.60 were set over to the wife as a part of the one-half of the property jointly accumulated by the husband and wife. The court specifically found that these bonds were the joint accumulations of the husband and wife and were not purchased from separate funds of the wife. This finding is adopted by this court. In his 1957 income tax return, petitioner did not return any of the accrued interest on these bonds as earned income. The Department added to the reported income one-half of the accrued interest on these bonds. The additional tax resulting therefrom is the amount in controversy here.

## CONCLUSION OF LAW

The court concludes, as a matter of law, that the equal division of the property jointly owned by the husband and wife in the divorce decree did not result in any taxable gain to plaintiff.

## OPINION

I.T. 3301, 1939–2 Cum.Bull. 75, provides that where the purchase price of U. S. Savings Bonds is contributed by two persons and the bonds are registered in the name of alternative persons as co-owners, the income therefrom is includable in the income of such persons proportionately. These bonds were purchased in this manner. If the transfer of these bonds to the wife in the property settlement resulted in a taxable incident, one-half of the accrued interest was properly chargeable to the plaintiff and was correctly added to his 1957 income tax return.

The yardstick by which we must gauge this transaction is laid down in Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, where the Supreme Court said:

"Admittedly not all economic gain of the taxpayer is taxable income. From the beginning the revenue laws have been interpreted as defining 'realization' of income as the taxable event, rather than the acquisition of the right to receive it. And 'realization' is not deemed to occur until the income is paid. But the decisions and regulations have consistently recognized that receipt in cash or property is not the only characteristic of realization of income to a taxpayer * * *. Where the taxpayer does not receive payment of income in money or property realization may occur when the last step is taken by which he obtains the fruition of the economic gain which has already accrued to him."

At the time of the divorce and partition of the jointly owned property by the husband and wife, these bonds had earned interest, one-half of which belonged to the plaintiff. But it seems to the court that under the Horst case, the transfer of these bonds to the wife did not result in realization of income to the husband. He exchanged these bonds in which each had an undivided one-half interest, including the accrued interest for other property of equal value, also jointly owned by them. The effect of the divorce decree did no more than set apart to each in severalty the interest they owned in their community property. They gained nothing and they lost nothing.

Judgment will be entered for plaintiff for the amount prayed for, together with interest thereon.