**David R. PULLIAM, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 7402.**

United States Court of Appeals
Tenth Circuit.

March 16, 1964.

Rehearing Denied April 15, 1964.

Morrison Shafroth, Denver, Colo. (Grant, Shafroth, Toll & McHendrie, and James H. Skinner, Jr., Denver, Colo., were with him on the brief), for petitioner.

Gilbert E. Andrews, Jr., Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, and William A. Friedlander, Attys., Dept. of Justice, Washington, D. C., were on the brief), for respondent.

Before PICKETT, LEWIS and SETH, Circuit Judges.

SETH, Circuit Judge.

The Commissioner of Internal Revenue determined there was a deficiency in petitioner's individual income tax return because there was not included in it a long-term capital gain. This gain, the Commissioner held, resulted from a transfer of property from the petitioner to his former wife as a "division of property" in a divorce decree. The Tax Court agreed with the Commissioner, and the taxpayer asked for this review.

Petitioner's wife filed a petition for divorce which contained no prayer for alimony or support, but stated:

"That during the married life of plaintiff and defendant certain property has been acquired by the said parties; that a division of said property should be made in order that each of the parties hereto shall receive their fair and equitable portion of the same."

The petitioner in his answer in the divorce proceedings joined in the wife's prayer for a division of property. There is nothing in the record to show that petitioner later objected to this way of handling the property question in the divorce proceedings, but it does appear he did contest the details of and values used in the "division."

The Colorado court in the divorce action noted that the parties had been married thirty years, that there were no children, and held that the petitioner had a duty to make provision for his wife's support. Under Colorado law the wife's rights during marriage do not vest in her an ownership of any part of the husband's property. Thus the liability of

the husband for support of his wife is more in the nature of a personal obligation. The right of dower does not exist in Colorado, and a husband who has title to the property may convey it without the consent of the wife. It appears that the only inchoate right of any consequence the wife has in Colorado is, if she survives her husband, she may reject provisions he makes for her in his will and take instead one-half of his estate. In this instance the wife performed the usual duties of a housewife, and performed no other tasks to specifically assist in the accumulation of property, and brought no property into the marriage.

The divorce court acted under the Colorado statute which permitted it to make such provision for payment of alimony and maintenance of the wife "as may be reasonable," and to require security for its payment, or to enforce payment, "or may decree a division of property." 3 Colo.Rev.Stat.1953 Ann. § 46–1–5. The divorce court recited the several factors it took into consideration, including the financial condition of the parties, the duty of the husband to support and maintain the wife, whether the wife brought any property into the marriage, the husband's earning capacity, and several other factors. As to the property, the divorce court then entered a decree that the parties each should have and retain as his or her sole and separate property all real and personal property the title to which was in his or her name at the time the action commenced. The decree also stated that it would act as a conveyance of title from petitioner to his wife of an additional described parcel.

There was no property settlement agreement entered into by the petitioner and his wife. They had attempted to reach such an agreement but were unable to do so, and the divorce court made the allocation. The wife did not sign any release of alimony or of support. The Tax Court held that this case was controlled by United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335, and found that the petitioner-appellant real-ized a long-term capital gain "as a result of the decree of divorce."

Petitioner argues that the Tax Court was in error in holding that a divorce decree in Colorado, which purported to transfer appreciated property to the wife, results in a capital gain to the husband in the absence of any voluntary agreement for a property settlement. Petitioner urges that the Tax Court was in error in holding that the case was governed by United States v. Davis, supra. He states that the case does not apply because the voluntary nature of the settlement or transfer was "the *sine qua non*" of Davis. The opinion does at several points mention the fact that the settlement there concerned was a voluntary one. In the case at bar, the transfer was instead accomplished by the court with no property settlement agreement entered into between the parties. The petitioner states that without such an agreement, "the willing buyer and willing seller test of market value" could not be applied. He argues also that the court decree is not the "promise" or the "agreement" of Harris v. Commissioner, 340 U.S. 106, 71 S.Ct. 181, 95 L.Ed. 111. He further asserts that he has received no property at fair market value. Petitioner concedes there might be a basis for a claim that there was a sale in the event the court had given the wife a money judgment and the petitioner had satisfied it by the transfer of property. But he urges there is no fixed indebtedness in the case at bar to be extinguished by a transfer of assets.

The fact that there is no property settlement agreement in the case before us does make it different in some respects from United States v. Davis, supra. This difference does not necessarily lead to a different result. The Supreme Court did mention at several places in its opinion that the parties had entered into a property settlement agreement, but there is nothing to show that this fact was given any particular weight. Petitioner's argument is that the absence of such an agreement makes impossible the deter-

mination of fair market value by the willing buyer and willing seller test. This argument is answered in United States v. Davis, supra, by the Court's application of another method of finding fair market value. The Court notes that the "amount realized" is defined as the money received plus the fair market value of the property (other than money) received. Int.Rev.Code of 1954, § 1001(b). In the Davis case, the Court of Claims and the Court of Appeals for the Sixth Circuit held there was no way to find the fair market value of the rights released by the wife, and thus no way to compute the gain. The Supreme Court said this conclusion was erroneous, and applied what it termed "an accepted practice." This practice was to hold, where property without readily ascertainable value is exchanged for other property in an arms' length transaction, that the values of the property on each side of the exchange are equal. The Court concedes that this may be a "rough approximation" but it is better than to ignore altogether the tax consequences of the transfer. This method is applicable here, and was correctly applied by the Tax Court and the Commissioner. Our case of Champlin v. Commissioner, 71 F.2d 23 (10th Cir.), is stressed by petitioner. It concerned the valuation of shares of stock of a corporation, the property of which was in litigation. It is dissimilar to the case at bar, but to the extent that it is similar to United States v. Davis, supra, it must necessarily be modified thereby.

The argument was made in the Davis case that there was no arms' length transaction because of the emotional factors which accompany a divorce, but the Court rejected this argument. The petitioner's point that there can be no fair market value because there was no agreement is closely akin to such an argument, but here the parties to the divorce did not make the allocation, the court did at their request.

In the case at bar, the application of the assumption of equal value on exchange, discussed above, obviates the necessity for an attempt to value whatever inchoate rights the petitioner's wife may have lost by reason of the divorce court's allocation of property. The difficulties encountered in such a valuation, stated in Commissioner v. Marshman, 279 F.2d 27 (6th Cir.), are thereby avoided. The nature of these inchoate rights under Colorado law has been described, and in this respect the wife's interests are very similar to those in Delaware considered in United States v. Davis.

We do not characterize the transfer here as being either voluntary or involuntary in view of the fact that both parties to the divorce asked the court to make "a division." We hold that under the circumstances the result must be the same as if a property settlement had been reached by the husband and wife, as in United States v. Davis.

Another important fact in the case at bar which is different from the comparable fact in United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335, is that we here have no release of the wife's marital rights signed by her. Again in the Davis case the Court mentioned the express release by the wife, but did not indicate that its conclusion was based on such fact. The argument of the petitioner based on this difference is not dissimilar to his involuntary transfer or lack of agreement argument. Here again all matters relating to the rights and interests of the parties in property or personal obligations of the husband were covered by the decree or were implicit in the proceedings. It would of course be expected that an express release would be included in a property settlement agreement or at least a mention of such rights. Likewise, when the property allocation was submitted for the court's determination, its decree or the legal consequences of its action would cover and include the same matters. The divorce court's decree has completely disposed of the property issue, and the wife's marital rights relating to that subject have been terminated. The property was allocated and we are concerned here only with the value of such property transferred to the wife and to then apply the equal value theory. The

divorce decree transferred property to the wife to satisfy whatever rights she was asserting or which were otherwise in issue. The parties asked the divorce court in effect to settle the property matter.

The transfer here concerned was a taxable event to support an imposition of the tax on the husband as held by the Tax Court and the Commissioner. Their method of valuation of that received by the husband was likewise correct.

Affirmed.