George F. COLLINS, Jr., Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 9260.

United States Court of Appeals
Tenth Circuit.

June 18, 1969.

Donald P. Moyers and William A. Goffe, Tulsa, Okl., for petitioner.

Jonathan S. Cohen, Atty., Dept. of Justice, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief) for respondent.

Before PICKETT, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

Pursuant to the mandate of the Supreme Court, the original judgment in this case has been vacated and the matter remanded to this court "for further consideration in light of the opinion of the Supreme Court of Oklahoma in Collins v. Oklahoma Tax Commission," 446 P.2d 290. Following that mandate, the case has been resubmitted and oral argument heard on the effect of the Oklahoma decision. The issues of state law finally resolved in that case make it abundantly clear that our previous attempt to discern a trend was unavailing. This opinion thus supersedes our earlier opinion reported at 388 F.2d 353, although the facts as stated therein need not be repeated here.

In Collins v. Oklahoma Tax Commission, the court examined the division of corporate stock herein involved and determined that for purposes of the *state* tax code, the transfer of stock was a nontaxable division of property jointly acquired during marriage. This conclusion was based upon the court's interpretation of the nature of the interests of the parties in property acquired during marriage. 12 Okl.Stat.

Ann. § 1278 was construed as giving the wife an interest "similar in conception to community property of community property states, and is regarded as held by a species of common ownership." 446 P.2d at 295.

 As indicated in the former opinion, we read United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962) to require that state law be consulted in determining the nature of the disposition of property undertaken in connection with a termination of marital relations. Just as the Court in Davis, we seek to determine whether, under state law, the present transfer more nearly resembles a nontaxable division of property between co-owners, or whether it is a taxable transfer in exchange for the release of an independent legal obligation. Having the benefit of an interpretation of state law on this very point, we must conclude that the stock transfer operated merely to finalize the extent of the wife's vested interest in property she and her husband held under "a species of common ownership."

The Commissioner agrees that state law is significant, but argues that a determination of whether the wife's rights in the transferred property reach the dignity of co-ownership does not depend upon the labels assigned to that interest for state tax purposes. It is contended that when the Court in Davis discussed such factors as right of control, descendable interest, and the like, federal criteria were established that must be met before the rights conferred by state law can be said to constitute co-ownership. The language of Davis will not support that interpretation. The Court merely discussed certain general characteristics of co-ownership in an attempt to determine whether the wife possessed the rights of a co-owner under state law. In so doing, the Court determined that "regardless of the tags, Delaware seems only to place a burden on the husband's property rather than to make the wife a part owner thereof." 370 U.S. at 70, 82 S.Ct. at 1193. Collins v. Oklahoma Tax Commission proclaims that in Oklahoma the wife is made "a part owner thereof," consequently, there is no need to search state law for indications of other factors that might signify the nature of the wife's property interest.

In sum, we look to the law of the state, as the Supreme Court did in Davis and as this court did in Pulliam v. C. I. R., 329 F.2d 97 (1964), and conclude that the transfer of stock was a nontaxable division of property between co-owners.

The decision of the Tax Court is reversed.