**Richard E. WILES, Jr., and Karen B. Wiles, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 73–1677.

United States Court of Appeals, Tenth Circuit.

Argued March 20, 1974.

Decided June 26, 1974.

Rehearing Denied July 25, 1974.

256

John H. Foard, Kansas City Mo., for petitioners-appellants.

Arthur L. Bailey, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., and Meyer Rothwacks and Grant W. Wiprud, Attys., Tax Div., Dept. of Justice, on the brief), for respondent-appellee.

Before PICKETT, BREITENSTEIN and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this federal income tax case the question is whether the taxpayer realized a taxable gain upon the transfer of certain appreciated personal property to his former wife under a property settlement agreement incorporated in a Kansas divorce decree. The Tax Court, with three judges dissenting, upheld the contention of the Commissioner that the gain was taxable. See 60 T.C. 56. Taxpayer appeals.

The facts are stipulated. Taxpayer was married to Constance who sued him for divorce in a Kansas court. Taxpayer and Constance negotiated to settle their property rights, and reached a voluntary agreement whereby neither would claim alimony, and the total value of all property held by each would be equally divided. Because the value of property in taxpayer's name exceeded that in Constance's name, taxpayer agreed to trans-

fer property in his name, corporate stocks, having an assigned value of $550,000, to Constance to accomplish the equal division of their combined holdings. The agreement was made a part of the divorce decree. The taxpayer's aggregate base for the transferred property was $83,169.65. The Commissioner assessed a deficiency on the basis that the transaction was a taxable event resulting in a gain from the exchange of property, see §§ 1001(c) and 1002 of the Internal Revenue Code of 1954, and the Tax Court affirmed him. The amount in controversy is $109,650.54. Taxpayer's present wife is joined because she and her husband filed a joint return for the year in question.

The issue is whether the transfer of the appreciated property was a taxable event, or a division of property between co-owners. United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335, was concerned with a Delaware divorce and a transfer of individually owned appreciated securities by the husband in satisfaction of all claims against him. The Court recognized that state law would affect the federal tax question because state law determined the substantive rights of the parties in the transferred property during marriage. Ibid. at 71, 82 S.Ct. 1190. In Delaware the wife had only certain statutory marital rights in her husband's property. These were her rights to intestate succession, dower, and a share of his property upon divorce. Ibid. at 66, 82 S.Ct. 1190. She had no interest in the management or disposition of her husband's personal property and she had to survive him to share in his intestate estate. Ibid. at 70, 82 S.Ct. 1190. On dissolution of the marriage she shared in the property only to the extent which the court deemed reasonable after consideration of relevant factors including her needs, age, health, and the number of children. Ibid. at 70, 82 S.Ct. 1190. The Court said that "the inchoate rights granted a wife in her husband's property by the Delaware law do not even remotely reach the dignity of co-ownership." Ibid. at 70, 82 S.Ct. at 1193. We recognized the Davis decision in Pulliam v. Commissioner of Internal Revenue, 10 Cir., 329 F.2d 97, cert. denied 379 U.S. 836, 85 S.Ct. 72, 13 L.Ed.2d 44. If the state-created rights result in co-ownership of the property, the transfer on divorce is a division of property, nontaxable to the transferor.

We turn to the law of Kansas. In that state, a wife has a right to intestate succession if she survives her husband. K.S.A. § 59–504. She also is entitled to one-half of all her deceased husband's realty, the sale of which she did not consent to during marriage. K.S.A. § 59–505. This right is somewhat analogous to dower. The two mentioned rights are all that a wife has in her husband's property during marriage except certain specified rights in exempt property. See K.S.A. §§ 58–312 and 60–2301. Although the Kansas Supreme Court has recognized that these rights possess some elements of a property interest, they rise no higher than inchoate rights contingent upon the wife's survival. See In re Williams' Estate, 158 Kan. 734, 150 P.2d 336, 338; Bates v. State Sav. Bank, 136 Kan. 767, 18 P.2d 143, 145; and Murray v. Murray, 102 Kan. 184, 170 P. 393, 394.

Just as the wife's inchoate rights vest upon her husband's death, the filing of a divorce suit confers additional rights on the wife. The state divorce laws compel the courts to marshal all of the parties' property, regardless of ownership or acquisition, and to divide it in a just and reasonable manner. K.S.A. § 60–1610 (b). Accordingly, a wife may expect to receive a certain share of her husband's property upon divorce. This expectation is independent of any right to alimony. See K.S.A. § 60–1610(b) and (c), and D. Hopson, Divorce and Alimony Under the New Code, 12 Kan.L.Rev. 27, 41.

The division of the property is wholly within the discretion of the trial court. Harrah v. Harrah, 196 Kan. 142, 409 P.2d 1007, 1011; Zeller v. Zeller, 195 Kan. 452, 407 P.2d 478, 485. In the exercise of its discretion, it considers the source of the property, the contribution

of each party, earning capacity, fault, needs, ages, and length of marriage. Harrah, 409 P.2d at 1011; Folk v. Folk, 203 Kan. 576, 455 P.2d 487, 489; and Saint v. Saint, 196 Kan. 330, 411 P.2d 683, 688. These factors are inconsistent with the idea of co-owned property. If the wife were a co-owner in Kansas, her interest in the property to be divided would be based on more than a right to a "just and equitable" share therein. See Garver v. Garver, 184 Kan. 145, 334 P.2d 408, 410; and Cummings v. Cummings, 138 Kan. 359, 26 P.2d 440, 442.

The Davis test depends on the transferee's rights in the property during marriage. 370 U.S. at 70, 82 S.Ct. 1190. One commentator, speaking of Kansas law, has said that "[a] division of the couple's jointly owned property is to be distinguished for federal tax purposes from a division of 'jointly acquired' property held solely in the name of the husband in which the wife has only an inchoate interest." B. Moore, Federal Tax Aspects of Divorce, 35 J.K.B.A. 175, 209 n. 21. Indeed, Cofield v. Koehler, D.C. Kan., 207 F.Supp. 73, appeal dismissed, 10 Cir., 311 F.2d 221, holds that a transfer of jointly acquired and owned bonds incident to divorce is not a taxable event. In the case at bar there was no joint ownership, and the rights of the wife in the husband's property were inchoate.

■ Although we believe that under Davis the Kansas law is controlling and defeats the taxpayer's claim, we cannot ignore the Collins cases on which he relies. These involved Oklahoma law. In Collins v. Commissioner of Internal Revenue, 10 Cir., 388 F.2d 353, we held that a transfer of property pursuant to a settlement was, for federal income tax purposes, a disposition of property and a taxable transaction. Ibid. at 357–358. Thereafter, in Collins v. Oklahoma Tax Commission, Okl., 446 P.2d 290, 295, the Oklahoma Supreme Court held that property acquired during coverture is "a species of common ownership." The United States Supreme Court vacated our judgment and remanded the case for

consideration in the light of the mentioned decision of the Oklahoma Supreme Court. 393 U.S. 215, 89 S.Ct. 388, 21 L.Ed.2d 355. On remand we held that under the Oklahoma decision, the transfer was nontaxable. 412 F.2d 211, 212. The Oklahoma situation is pertinent because the Oklahoma law was adopted from the law of Kansas. Vanderslice v. Vanderslice, 195 Okl. 496, 159 P.2d 560, 562. In any event the Oklahoma position is still troublesome. In Sanditen v. Sanditen, Okl., 496 P.2d 365, a case involving a gratuitous transfer by a husband of property jointly acquired during coverture, the court held that a wife has no vested rights in the property subject to division. Vesting occurs by virtue of the divorce action, and not the marriage relationship. 496 P.2d at 367. See also McDaniel v. Oklahoma Tax Commission, Okl., 499 P.2d 1391, 1393–1394. The Oklahoma law would seem to be in a state of flux.

The situation in Colorado must also be mentioned. In Pulliam v. Commissioner of Internal Revenue, 10 Cir., 329 F.2d 97, cert. denied 379 U.S. 836, 85 S.Ct. 72, 13 L.Ed.2d 44, we held that a taxable capital gain resulted from a divorce decree that acted as a conveyance from husband to wife of described property. In our first Collins decision we said that we saw no controlling distinction between Oklahoma law and Colorado law and followed the Pulliam decision. 388 F.2d at 357. The problem did not stay buried in Colorado. Imel v. United States, D.C.Colo., 375 F.Supp. 1102, was an action for refund of a capital gains tax paid on appreciated property transferred to a wife under a divorce settlement agreement. As permitted by the Colorado Appellate Rules, 21.1, see also Lehman Brothers v. Schein, 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215, the federal court certified to the Colorado Supreme Court, see In re Questions Submitted by the United States District Court, Colo., 517 P.2d 1331, the question, Ibid. at 1332:

"Under Colorado law, is such a transfer a recognition of a 'species of

common ownership' of the marital estate by the wife resembling a division of property between co-owners, or does the transfer more closely resemble a conveyance by the husband for the release of an independent obligation owed by him to the wife?"

In answer the state supreme court said, Ibid. at 1334:

"We answer in the affirmative that, under Colorado law, the transfer involved here was a recognition of a 'species of common ownership' of the marital estate by the wife resembling a division of property between co-owners. We answer in the negative whether the transfer more closely resembles a conveyance by the husband for the release of an independent obligation owed by him to the wife."

The Colorado Supreme Court reviewed the Collins series of cases and commented that it perceived no material distinction between the statutes of Colorado and those of Oklahoma considered in the Collins cases. Ibid. at 1334. We are not told what the future course of the Imel litigation will be.

■ The Oklahoma and Colorado decisions are not conclusive here. They are noted in recognition of the disparities which exist in the application of federal tax statutes to transactions occurring in the states which compose the Tenth Circuit. We are bound by Davis which comments that although Congress has alleviated disparities in many areas "in other areas the facts of life are still with us." 370 U.S. at 71, 82 S.Ct. at 1193. Davis requires us to follow Kansas law. We are convinced that under the pertinent Kansas statutes and decisions the wife has no vested co-ownership in property of the husband during marriage. Consequently, the transfer of some of that property pursuant to a divorce settlement was a taxable event.

■ A few matters remain to be mentioned.. The government says that the wife's waiver of alimony in the settlement agreement, and the provision of the subsequent divorce decree that the settlement covers "all marital rights and obligations," establish that the transfer was in exchange for an independent legal obligation, and hence a taxable event. In Davis the settlement was of "any and all claims and rights against the husband whatsoever," 370 U.S. at 67, 82 S.Ct. at 1191, and the Court held that decision rested on whether under state law they were co-owners. 370 U.S. at 70–71, 82 S.Ct. 1190.

■ The taxpayer asserts that the Commissioner improperly has taken inconsistent positions by asserting a tax claim against the wife on the basis of the settlement transaction. The Commissioner replies that this is an administrative practice for the protection of the revenues. See Estate of Goodall v. Commissioner of Internal Revenue, 8 Cir., 391 F.2d 775, 782–783, cert. denied 393 U.S. 829, 89 S.Ct. 96, 21 L.Ed.2d 100; cf. Commissioner of Internal Revenue v. Southwest Exploration Co., 350 U.S. 308, 309 n. 1, 76 S.Ct. 395, 100 L.Ed. 347. We are confident that the Commissioner will not attempt to collect double taxes and, if he does, the liability of the divorced wife can then be considered.

Affirmed.