Ray C. IMEL, Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 74–1613.

United States Court of Appeals,
Tenth Circuit.

Sept. 8, 1975.

Ira C. Rothgerber, Jr., of Rothgerber, Appel & Powers, Denver, Colo., for plaintiff-appellee.

Jonathan S. Cohen, Washington, D. C., (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, William A. Friedlander, and Carleton D. Powell, Attys., Tax Div., Dept. of Justice, and James L. Treece, U. S. Atty., of counsel, on the brief), for defendant-appellant.

Before BREITENSTEIN, HILL and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Once again we have the problem of federal income tax liability on a transfer of appreciated property pursuant to a court approved divorce settlement. The husband-taxpayer paid the tax and brought this suit for refund. The district court held for taxpayer, *Imel v. United States,* D.Colo., 375 F.Supp. 1102, and the government has appealed. We affirm.

On the suit of the wife, a divorce was granted on July 31, 1964, by a Colorado state court. Jurisdiction was retained to settle questions of alimony and property division. On February 9, 1965, the court

approved a property settlement agreement made by the parties. In so doing it found that the wife had "aided materially" in the accumulation of the family wealth; that the agreement was a "fair recognition" of the wife's participation; and that it made a "fair division" of the property. See 375 F.Supp. at 1104. The property transferred was corporate stock. The base value to taxpayer was $400,864 and the value at transfer was $1,114,170. The Commissioner of Internal Revenue held that the transfer was a taxable event and made a deficiency assessment. After a non-jury trial, the district court gave judgment against the United States for $119,588 plus interest. The court reasoned that the transaction in issue was a division of property between co-owners and not a sale or exchange resulting in a taxable capital gain.

The lead case on this recurring problem is *United States v. Davis,* 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335. The Court there held that a transfer by a Delaware taxpayer of appreciated property under a settlement agreement incorporated in a divorce decree was a taxable event. In so holding it applied Delaware law to determine the substantive rights of the parties in the transferred property. The Court recognized that its decision "may permit different tax treatment among the several States." Ibid. at 71, 82 S.Ct. at 1193.

We applied *Davis* in *Pulliam v. Commissioner of Internal Revenue,* 10 Cir., 329 F.2d 97, 99, cert. denied 379 U.S. 836, 85 S.Ct. 72, 13 L.Ed.2d 44. That case involved a Colorado divorce in which there was no voluntary property settlement and the transfer to the wife was under the court decree. We held that "[u]nder Colorado law the wife's rights during marriage do not vest in her an ownership of any part of the husband's property," Ibid. at 97. Hence, under *Davis* the transfer was a taxable event.

Then we have the *Collins* cases. *Collins* # 1 was *Collins v. Commissioner of Internal Revenue,* 10 Cir., 388 F.2d 353.

We were concerned with an Oklahoma divorce where appreciated property was transferred by the husband pursuant to a property settlement agreement. Applying *Davis, Pulliam,* and Oklahoma law, we held that the transfer was a taxable event.

A few months after our decision the Supreme Court of Oklahoma decided *Collins v. Oklahoma Tax Commission,* Okl., 446 P.2d 290, *Collins* # 2. The issue was the liability of the same taxpayer for a state income capital gains tax. The Oklahoma Supreme Court said that our interpretation of Oklahoma law in *Collins* # 1 was wrong and that, in Oklahoma, property acquired during coverture is "a species of common ownership." Ibid. at 295.

Next is *Collins v. Commissioner of Internal Revenue,* 393 U.S. 215, 89 S.Ct. 388, 21 L.Ed.2d 355, *Collins* # 3. The Supreme Court granted certiorari to review our decision in *Collins* # 1, vacated the judgment therein, and remanded the case "for further consideration in the light of the opinion of the Supreme Court of Oklahoma" in *Collins* # 2. On remand we held that under the Oklahoma decision the transfer was nontaxable. *Collins v. Commissioner of Internal Revenue,* 10 Cir., 412 F.2d 211, 212, *Collins* # 4.

The instant case came to the federal district court with the mentioned decisional background. The court noted a change in Colorado statutory law after *Pulliam,* 375 F.Supp. at 1113, and reviewed a number of Colorado decisions, 375 F.Supp. at 1113–1115. The court said that it had "difficulty in defining the exact nature of a Colorado wife's interest in the marital property," 375 F.Supp. at 1115; that it differed with our interpretation of earlier Colorado law in *Pulliam,* 375 F.Supp. at 1113; and that a definitive statement of the applicable property law should be made by the Colorado Supreme Court, Ibid. at 1116.

Appellate Rule 21.1 of the Colorado Supreme Court permits the certification

to it by federal courts of questions of Colorado law when there are no controlling precedents. Accordingly, the federal court made a "certification of question" to the Colorado Supreme Court. 375 F.Supp. at 1116–1117.

The Colorado Supreme Court accepted the certified questions. *In re Questions submitted by United States District Court for District of Colorado,* Colo., 517 P.2d 1331. In adversary proceedings and after a review of the decisional law both state and federal and of the Colorado statutes, the court held that the wife had a "species of common ownership" of the marital estate which vested at the time of the filing of the divorce action. 517 P.2d at 1335.

The federal court then considered the answers of the Colorado Supreme Court to the certified questions and said, 375 F.Supp. at 1118:

"Even with *Pulliam v. Commissioner of Internal Revenue* in mind, I think that *Davis* and *Collins # 4,* when coupled with the Colorado Supreme Court's answers to the certified questions, mandate that judgment here enter in favor of plaintiff, and it shall so enter."

█ The basic argument of the government is that a state court cannot determine what is a taxable event under the federal income tax laws. The occurrence of a taxable event in the situation presented depends on whether the transaction was a nontaxable division of property by co-owners or was a sale or exchange resulting in a capital gain taxable under §§ 1001(c) and 1002 of the 1954 Internal Revenue Code, 26 U.S.C. §§ 1001(c) and 1002. Ownership is determined by the law of Colorado. The field of domestic relations "belongs exclusively to the laws of the states." *McCarty v. Hollis,* 10 Cir., 120 F.2d 540, 542, and cases there cited. Legal interests and rights are created by, and exist under, state law. *Morgan v. Commissioner of Internal Revenue,* 309 U.S. 78, 80, 60 S.Ct. 424, 84 L.Ed. 585. Federal law determines what transactions involv-

ing interests or rights created by state law shall be taxed. Ibid. The Supreme Court has consistently recognized these controlling principles. See *Freuler v. Helvering,* 291 U.S. 35, 45, 54 S.Ct. 308, 78 L.Ed. 634 (federal income tax); *Blair v. Commissioner of Internal Revenue,* 300 U.S. 5, 9–10, 57 S.Ct. 330, 81 L.Ed. 465 (federal income tax); *Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (federal estate tax); and *United States v. Mitchell,* 403 U.S. 190, 195, 91 S.Ct. 1763, 29 L.Ed.2d 406 (federal income tax). See also *Estate of Goldstein v. Commissioner of Internal Revenue,* 10 Cir., 479 F.2d 813, 816 (federal estate tax).

The government argues that the Colorado Supreme Court decision on the certified questions runs contrary to *Davis.* We do not agree. *Davis* was decided on Delaware law. The Court said, 370 U.S. at 70, 82 S.Ct. at 1193:

"Regardless of the tags, Delaware seems only to place a burden on the husband's property rather than to make the wife a part owner thereof."

The highest court of Colorado has said that the wife had a species of common ownership which vests upon the filing of the divorce action. 517 P.2d at 1335. In *Collins # 2* the Oklahoma Supreme Court charactered the wife's interest as "a species of common ownership." 446 P.2d at 295. After the remand to us by *Collins # 3,* we considered the effect of *Collins # 2,* and said, 412 F.2d at 212:

"Having the benefit of an interpretation of state law on this very point, we must conclude that the stock transfer operated merely to finalize the extent of the wife's vested interest in property she and her husband held under 'a species of common ownership.' "

In *Collins # 1* we said, in discussing the effect of *Pulliam,* 388 F.2d at 357:

"It is difficult for us to see any distinction between Oklahoma and Colorado law sufficient to justify a different characterization of the property division."

856

We have now gone the full circle. Just as Oklahoma held that we were wrong in *Collins # 1* so has Colorado ruled that *Pulliam* does not state Colorado law. We followed the Oklahoma decision and the question is whether we should follow the Colorado decision.

The government argues that the Colorado decision does not control the taxability of the transfer because (1) the recognized interest of the wife "is not within the concept of common ownership for federal tax purposes," and (2) under *Davis* taxability "is based on the scope of the rights of the wife during the marriage and not when the marriage is pulling apart." As we read *Davis* it did not establish a federal standard as to the nature of the pre-transfer right in the transferred property. See *Wiles v. Commissioner of Internal Revenue,* 10 Cir., 499 F.2d 255, 257, cert. denied 419 U.S. 996, 95 S.Ct. 310, 42 L.Ed.2d 270, and *Mills v. Commissioner of Internal Revenue,* 10 Cir., 442 F.2d 1149, 1151. In applying Delaware law in *Davis* the Court did not define the time when the interest of the wife had to vest. The Court refers to the interest of the wife "[u]pon dissolution of the marriage." 370 U.S. at 70, 82 S.Ct. 1190, 8 L.Ed.2d 335. Both the Oklahoma and Colorado courts said that the vesting occurred at the time of the filing of the divorce suit.

The suit for dissolution of the marriage was filed May 7, 1963, and the divorce decree was entered July 31, 1964. The property settlement stipulation is dated February 5, 1965, and the divorce court's order of approval was made four days later. Under the Colorado decision the wife's rights as a co-owner vested in the spring of 1963. Later, the co-owners agreed on division of their respective interests and in the winter of 1965 transfers were made pursuant to the agreement. We find nothing in *Davis* which requires that the wife's interest vest before the bringing of the divorce action.

The government argues that our decision in *Wiles* holds that ownership is a question for the federal courts. We do not agree. *Wiles* holds expressly that under *Davis,* state law is controlling to determine the wife's rights, 499 F.2d at 257. We concluded that under Kansas law the wife had no vested rights at the time of transfer. Ibid. at 259. In the instant case we are dealing with Colorado law which says that the wife was a co-owner.

This brings us to *Hayutin v. Commissioner of Internal Revenue,* 10 Cir., 508 F.2d 462, an appeal from the Tax Court. That case involved a Colorado divorce in which there was a complicated property settlement under which the husband was required to make monthly payments of $700 and had the unexercised right to prepay the total sum of $163,000. Ibid. at 466. The question was the tax liability of the wife arising from seven monthly payments made by the husband. Tax liability turned on the applicability of §§ 71 and 215 of the 1954 Code, 26 U.S.C. §§ 71 and 215. The wife unsuccessfully contended that the payments in question were a nontaxable division of property because of the prepayment option. The liability of the husband under §§ 1001(c) and 1002 for a capital gain arising from the settlement agreement was not in issue. The questions posed by *Davis, Pulliam, Collins # 4,* and the certified question decision of the Colorado Supreme Court were not determinative in *Hayutin,* and the court's observations thereon, 508 F.2d at 468–469, were not essential to its decision.

The case at bar is distinguishable from *Hayutin* on the facts and relates to different provisions of the Code. See *United States v. Lewis,* 340 U.S. 590, 591, 71 S.Ct. 522, 95 L.Ed. 560. Additionally, we are faced with a decision of the Colorado Supreme Court defining the rights of the parties in the property covered by the transfer in issue. The use of the certification proceeding, when available, to determine unresolved state law questions was discussed in *Lehman Brothers v. Schein,* 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215. The Court remanded the case to the court of appeals to consider whether the controlling issue of Florida law should be certified to the Florida

Supreme Court pursuant to the rules of that court. In so doing the Court said, Ibid. at 391, 94 S.Ct. at 1744, that:

"It [certification proceeding] does, of course, in the long run save time, energy, and resources and helps build a cooperative judicial federalism. Its use in a given case rests in the sound discretion of the federal court."

■ The certification of the federal court is set out below.[1] It presents two questions, (1) is the transfer a taxable event for purposes of federal income taxation, and (2) is the transfer a recognition of common ownership resembling a division between co-owners. We disapprove of (1). The federal court should not have asked whether the transaction was a taxable event. In certifying questions under permissive state procedures, federal courts should use care to frame the questions so that they only request determination of state law. A federal court may not impose on a state court the responsibility for determining a federal question.

■ The federal court properly exercised its discretion in certifying the ques-

tion of ownership under Colorado law. Both taxpayer counsel and government counsel participated in an adversary proceeding before the highest court of the state. It defined the rights and interests of the parties under state law in the property with which we are concerned. The Supreme Court has said that "state courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508.

■ We accept the Colorado decision as establishing the state law as to ownership of the property here transferred. Under the findings of both the state and federal courts the wife materially aided the accumulation of the family wealth and the settlement agreement was a fair division of the property. The Colorado court has found as a matter of state law that the rights of the wife vested at the time of the filing of the divorce suit and before the transfer. Accordingly, the transaction in issue was a division by co-owners of jointly owned property and resulted in no capital gain taxable to the husband.

Affirmed.

1. The question reads, 517 P.2d at 1331–1332:
    "QUESTION
    "When, under 1963 C.R.S. 46–1–5 [or under 1963 C.R.S. 46–1–13 as amended in 1971]
    "(a) a property settlement agreement is entered into providing for a transfer of property from husband to wife in acknowledgment of the wife's contribution to the accumulation of the marital estate, or,
    "(b) a decree of the divorce court requires such transfer because of the wife's contributions to the accumulation of the family estate, and,
    "(c) the transfer is not made in satisfaction of the husband's obligation for support, is the transfer a taxable event for purposes of federal income taxation?

    "Paraphrasing the language of controlling cases, the same question may be stated:
    "Under Colorado law, is such a transfer a recognition of a 'species of common ownership' of the marital estate by the wife resembling a division of property between co-owners, or does the transfer more closely resemble a conveyance by the husband for the release of an independent obligation owed by him to the wife?
    [See, *United States v. Davis* (1962) 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335, *Pulliam v. Commissioner of Internal Revenue* (1964) 10 Cir., 329 F.2d 97, and *Collins v. Commissioner of Internal Revenue* (1969) 10 Cir., 412 F.2d 211.]"