This income tax case comes before the court on plaintiffs motion to certify two questions of state law to the Supreme Court of the State of Colorado. They ask whether a professional legal corporation organized in Colorado may accumulate earnings in order to pay dividends to its stockholders, and whether such a legal corporation may compensate its employees-stockholders in a manner not commensurate with the amount of services rendered to the corporation by each employee-stockholder. Defendant opposes the motion on the grounds that certification of the questions proposed by plaintiff would be both improper and unnecessary. We conclude that certification is not warranted.
Plaintiff is a professional legal corporation organized pursuant to Rule 265 of the Colorado Rules of Civil Procedure. The issue in this case relevant to plaintiffs motion is whether certain payments made by plaintiff to employees who were also directors of the corporation were deductible as reasonable compensation under I.R.C. § 162 (a)(1). The Service took the position that the payments were not reasonable compensation and assessed deficiencies against plaintiff for the years 1971, 1972, and 1973. It is *832 plaintiffs position that professional legal corporations organized in Colorado may not pay dividends, and that all payments from plaintiff to its lawyers-employees must, therefore, be compensation.
The guidelines for deductibility under I.R.C. § 162(a)(1) are delineated in Treas. Reg. § 1.162-7(a):
* * * The test of deductibility in the case of compensation payments is whether they are [1] reasonable and [2] are in fact payments purely for services.
This court has said that whether a payment meets this test is a question of fact to be decided on the basis of a review of all the facts in each particular case. See Charles McCandless Tile Service v. United States, 191 Ct. Cl. 108, 112, 422 F. 2d 1336, 1338 (1970).
Plaintiff seems to suggest that we can dispense with this careful factual analysis and decide whether the payments at issue were reasonable compensation by reference to whether such payments would be characterized as dividends for purposes of Colorado law. We cannot accept the proposition, however, that characterization of payments as reasonable compensation for purposes of federal income taxation is a question controlled by state law. That position is contrary to the principles of Burnet v. Harmel, 287 U.S. 103 (1932), that state law controls only when the operation of the federal taxing act, by express language or necessary implication, makes its operation dependent upon state law. There is no question in this case about the nature of a property right as there was in Imel v. United States, 523 F. 2d 853 (10th Cir. 1975). Plaintiff has the burden to show that the payments at issue were reasonable compensation under the Internal Revenue Code. How the payments are characterized under state law may be a factor to be considered, but it is not a controlling factor. Cf. Chism’s Estate v. Commissioner, 322 F. 2d 956 (9th Cir. 1963).
Plaintiff has offered nothing to support the contention that if the payments at issue could not be characterized as dividends for purposes of state law, they must of necessity be characterized as reasonable compensation under I.R.C. § 162(a)(1). In addition, to the extent that Colorado law may be relevant to this case, it is not clear that the parties disagree as to what the Colorado law may be on the two questions proposed for certification. Under the circum *833 stances, certification, with the accompanying delay in the disposition of the case, is not warranted.
it is therefore ordered, based on the submissions of the parties, but without oral argument, that plaintiffs motion to certify certain questions to the Supreme Court of the State of Colorado is denied. The case is remanded to the trial division for appropriate action.
On July 17, 1979, upon the filing of a stipulation of dismissal, the court dismissed the petition.